ALLEN, Appellant, v. TRUSTEES OF SCHOOL DISTRICT, &c., Respondent.

1. The trustees of a school district organized under the act of March 27th, 1845, can not be sued as a corporation for a debt incurred by them for the building of a school-house for the district; nor would the property, held by them as such trustees for the use of the school district, be liable to execution.

*Appeal from Pike Circuit Court.*

This was a suit against "the trustees of school district No. 1, T. 53, R. 3 W., in Pike county." The petition is as follows: "Plaintiff states that the defendants, on the 15th of March, 1848, entered into a contract of that date with William Watson, to build a frame school-house on lot 273, in the town of Bowling Green, in said county, for said school district; that in that contract the said trustees promised said Watson that if he would build and erect a frame school-house on said lot, and furnish all the materials necessary for the same, of the description and specifications therein mentioned, and complete the same by the 1st of August, 1848, that they as trustees would pay him what money they then had on hand, which was about fifty dollars, and that they would also pay him the sum of two hundred dollars more, for the payment of which the trustees bound themselves and their successors in office to annually apply the annual tax to be levied in said school district, until the whole should be paid; that so soon as the school-house was completed and fit for use, the trustees were to have the use of the same, and they were from that time to pay in-

terest on any balance of the sum of two hundred and forty dollars as should be then unpaid ; and further, the trustees agreed that said Watson was to have a lien on said house for five years for the payment of said debt and interest. The plaintiff further states that the said Watson received of the trustees the fifty dollars on hand, and proceeded to get the materials and to build said school-house, and that he did in all things comply with his part of said contract to the acceptance of the trustees, who received the house and have ever since used the same ; that on the 16th March, 1849, a new board of trustees received the house and contract as complete ; that after that, on the 24th March, 1849, the said William Watson, for value received, assigned said contract to the plaintiff Hugh Allen, of which the trustees had due notice by said Allen and by said Watson ; that on the 7th August, 1849, the trustees paid said Allen the sum of seventy dollars ; that on the 24th March, 1851, the trustees paid him on said contract the sum of sixty-six dollars ; that these are all the payments that have been made said Watson before the above assignment, and all that have been made said Allen since, and that the residue of said two hundred and forty dollars, with interest, is yet due and unpaid ; wherefore plaintiff says that the trustees have not complied with their contract ; that the annual tax in said school district was not less than about sixty-five dollars, which, if it had been collected and applied annually to the contract, would, before this, have paid off the whole debt and interest ; that the trustees have hitherto failed to apply the annual tax in said school district to the payment of this debt. Plaintiff therefore asks judgment for the balance of said debt and interest, and for an order to sell said school-house and lot, and if that shall not be sufficient to pay off the judgment and costs, then for an order on the trustees to raise the residue and to pay it over to the plaintiff. The plaintiff also asks for such further relief as shall seem just and proper in this behalf.''

To this petition there was a demurrer, which was sustained. Plaintiff appealed.

*Hunt* and *Broadhead*, for appellant.

The only point raised on the demurrer, or decided by the court below, was that the defendants were not liable or bound by the contract of their predecessors ; that one board of trustees have no power to bind their successors to pay for the building a school-house for the district. One board of trustees may bind their successors in a contract to build a school-house.

By the school law there are to be three trustees elected annually. (Chap. 4, secs. 7, 26.) The trustees act in their official name as a body corporate. (Secs. 19, 20.) They have power and it is made their duty to call meetings of the inhabitants of the district; to make out a list of the taxes assessed ; to issue a warrant to collect the same ; to purchase a site for a school-house, and to build a school-house thereon. (Sec. 32.) They have power to hold property and to sue in their official and corporate name (secs. 54, 71) ; and at the expiration of their official term they are required to settle with and deliver over to their successors in office all the property, money and bonds on hand, &c. (Secs. 55, 60.) These provisions show that the trustees are a *quasi* corporation, and as such, can, in their corporate name, bind their successors in any contract within their official duty ; and that their successors may be sued, as well as sue, on such contract. The following cases support the same view : Ang. on Corp. 17, 18, and cases cited ; 1 Kyd, 29, 30 ; 8 J. R. 422 ; 1 Cowen, 258 ; 9 Dana, 519 ; 13 Mass. 192.

There was no appearance for respondents.

Scott, Judge, delivered the opinion of the court.

We do not deem it necessary to enter into any examination with a view to ascertain the extent of the powers of a *quasi* corporation, as, in our opinion, the powers conferred and the duties and liabilities imposed on the trustees of a school district are enumerated in the act approved March 27th, 1845. A careful examination of the provisions of that act has not resulted in

a discovery of any authority to institute suits against them as a corporation. The power to take in their corporate name bonds and mortgages, and hold all such bonds and mortgages as a corporation, and account therefor to their successors, is a carefully delegated power, and does not by implication subject them to an action as a corporation. If those bodies were regarded as corporations, there would have been no necessity for the 54th section of the 4th article, which directs that "all property now vested in the trustees of any school district, for the use of schools in the district, or which may be hereafter transferred to such trustees for that purpose, shall be held by them as a corporation." It is impossible to escape the conclusion that the careful enumeration of the instances in which the trustees were to be regarded as a corporation, excludes the idea that they were deemed to be such in any other instances. Nothing would have been easier, had it been so intended, than to have declared the trustees a corporation, with all its common law incidents ; but to have subjected the trustees, as such, to suit, would have been against the policy of the act. A power to sue carries with it a right to enforce a judgment obtained by execution. The trustees, as such, could have no property but what was necessary to carry on their schools. Are we to suppose that the legislature, after such care in providing for schoolhouses and the means of education, intended that they should at any moment be sacrificed at the suit of a creditor ? It may be asked, are the trustees to be exempt from liability on their contracts, and are creditors to have no remedy for their demands ? The 69th section of the 4th article of the act provides, that "any person conceiving himself aggrieved by any decision made or by any act done by any school district meeting, or by the trustees of any district, or by the refusal of any such trustees to do any act, or to perform any duty required by law, may appeal to the school directors of the township, whose decision thereon, after a hearing of the parties, shall be final." Under this provision, the plaintiff might have applied to the directors on a refusal to pay his demand, and had such

steps taken as would have compelled the laying of a tax for the satisfaction of it. The policy of the act clearly indicates that taxation on the inhabitants of the school district, and not a sale of its school property, is the means of obtaining satisfaction from any school district for any legal demand against it.

Being satisfied that the law never contemplated that the trustees, as such, should be subject to suit, so as to render the property of the school district liable to execution, we do not feel ourselves warranted in going further than affirming the judgment of the court below, without an inquiry into the difficulties in the way of obtaining satisfaction of his demand, which may have been interposed to the plaintiff by the change of the act of 1845. To prevent misconception, however, it may be stated that there is a difference between the act of 1845 and that of 1853 in relation to the power of taxation. By the act of 1845, sec. 13, art. 4, it is provided that the tax imposed by a district meeting shall not exceed in any one year fifty per cent. on the amount of taxes laid by law for state purposes. The act of 1853 contains no limit on the power of taxation, hence it has been thought, that under it the whole tax necessary to build a school-house must be laid at once, and the assessments not protracted through a number of years. This has been the practice in some instances. This case calls for no expression of our opinion on this question, and we give none.

In maintaining that the trustees are not liable to an action, so as to subject the school property to execution, we of course do not intend to convey the idea that they may not be personally liable to an action, when they bind themselves individually, or when, by their wrongful conduct, they cause injury to another.

In referring to the 69th section of the 4th article of the act of 1845, as containing a remedy for those who conceive themselves aggrieved by any decision made, or by any act done by those carrying out the provisions of the act, we do not wish to be understood as intimating that the section referred to is the only remedy that is open to the party aggrieved. We give no opinion on that point. (Easton v. Calender, 11 Wend. 91.) The other judges concurring, the judgment will be affirmed.