SCHOOL DISTRICT No. 5–52, etc., Respondent, v. JOHN
NEAL et al., Appellants.

St. Louis Court of Appeals, April 12, 1898.

1. **Mandamus:** STATUTORY CONSTRUCTION: PETITION AND NOTICES:
SCHOOL DISTRICTS: FORMATION OF NEW SCHOOL DISTRICTS. Section
7973, Revised Statutes 1889, provides that when it is proposed to sur-
render to the old school district all claims of the inhabitants of the
new school district to their share of the school property in the old
district, such fact shall be distinctly stated in the notices posted in
the district to be affected, as required by section 7972, Revised
Statutes 1889.

2. ———: ———: FORMATION OF SCHOOL DISTRICT: SUFFICIENCY OF
NOTICE: NOTICE AND PETITION MUST BE ALIKE. The notices in three
of the districts failed to conform to the above requirement.

3. ———: ———: BOARD OF DIRECTORS: PROPOSITION IN PETITION
DIFFERENT FROM THAT IN NOTICES. The proposition contained in the
petition presented to the board of directors in the three districts was
not the proposition advertised and voted on.

4. ———: ———: AUTHORITY OF BOARD OF DIRECTORS. The authority
of the board of directors to act and to give notice of the election was
the petition. The proposition in the petition was two fold, to form a
new district and to relinquish property rights in the old. There
was no authority in any of the school boards, with which the peti-
tion had been filed, to sever this proposition and to submit it in an
emasculated form to the voters.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

REVERSED.

GEORGE ROBERTSON for appellants.

Where the proposition submitted to the voter is
not in accordance with the notice for the election; that
is, where the proposition voted upon is different from
the proposition submitted by the notice of an election

then the election is void.    People  v.  Hamilton Co., 3
Neb. 274; McMahon v.  Supervisors, 45 Cal. 214.

ORLANDO HITT for respondent.

Section 7972, page 1851, Revised Statutes 1889,
provides: "When it is deemed necessary to form a
new district  *  *  *  composed of parts of two or
more districts  *  *  ·  *  it shall be the duty of the
clerk of each district affected, upon the reception 'of a
petition desiring such change, and signed by ten
qualified voters residing in any district affected thereby,
to post a notice of such desired change in at least five
public places in each district interested fifteen days
prior to the annual meeting; and the voters, when
assembled, shall decide such question by a majority
vote of those who vote upon such proposition.   If the
assent to such change be given by all the annual
meetings of the various districts thus voting  *  *  *
the district shall be deemed formed  *  *  *  from
that date;  *  *  *  but if one or more of the districts
affected vote in favor of such change  *  *  *  and one
or more of the districts affected vote against such
change, the matter may be referred to the county
commissioner for his decision; and upon such appeal
being filed with him in writing, written five days after
the annual meeting, he shall proceed to inform himself
as to the necessity of such proposed change, and his
decision shall be final; but in making such change, his
decision in all cases shall conform to the proposition
contained in the notices and voted upon at the annual
meeting."

BLAND, P. J.—In March, 1897, ten of the qualified
voters of school district 3–52–10 and 11 in Audrain
county, presented a petition to the clerks of said

districts and to the clerks of school districts number 2–52–10, number 2–52 and 53–11, number 4–52–11, and number 3–52–10, asking for the formation of a new district from territory to be detached from all of the above named districts, specifically describing it, and proposing to release all claims by the inhabitants of the proposed new district in the school property of all the districts, from which the new one was to be formed. The petitions were received and acted upon by the board of directors of all of the above named districts, and notice of the proposition to form the new district, containing an accurate description of the territory proposed to be taken from each of the four STATEMENT. districts, were posted in five public places for fifteen days prior to the first Tuesday in April, 1897, the legal day for annual school elections, on which day the voters in each of said districts assembled in annual meeting in their respective districts and voted on the proposition to form the new district. The vote in district number 4–52–11 was favorable to the proposition, but unfavorable in the other three districts. The matter was then brought before the county school commissioner by appeal, who on April 28, 1897, rendered his decision in favor of the formation of the new district, and adjudged that the same should be formed, to be composed and made up of the territory described in the petition. Notwithstanding this decision of the school commissioner John Neal, as clerk of school district number 3–52–10 and 11, and the other defendants as directors of said district, failed and refused to comply with section 7999, Revised Statutes 1889, by making out a correct plat of said district as changed by the formation of the new district and record the same in the record book of his district, and to send a copy of such plat to the county clerk of Audrain county, and to give official information to the

county clerk and county commissioner of the changes made in his district by the formation of the new one. The petition in this case is for a writ of *mandamus* against the defendants to enforce the performance of this duty.

To the alternative writ which was issued on the petition the appellants made the following return: "In the matter of the School District No. 5, township 52, range 10 and 11, now come John Neal, James Walker and Abe F. Stewart as defendants herein, and for their return to the alternative writ of *mandamus* say that it is true that at the four districts named in said petition and on the day for the annual election thereof, a proposition was submitted to the voters of each school district assembled in their respective districts proposing that certain territory be detached from each of the four said districts which detached territory, put together, would form a new district, and defendants say that all of the petitions presented to the several directors of the several districts were identical in form, except as to the territory to be detached, and said petitions presented the same propositions, except as last aforesaid, and at the said several elections the propositions as contained in said petitions were submitted and voted upon except in district number 3–52–10 and 11; and in all of the districts named notices were put up in said districts as required by law notifying the voters of the propositions for the division of said districts and forming a new district as above stated; and in all of the petitions above described the proposition was submitted proposing to surrender all claim of the new district, but while said petitions and said propositions submitted to the voters that their interest in the property of the old district should be surrendered by the new district, no notice posted in any of the districts except said last district No. 3, contained said proposition of surrender;

therefore No. 3 of the districts is the only one of said above named districts that had the same proposition submitted, posted and voted upon. Therefore, said voters of the above districts did not have submitted to them the same propositions, nor did they vote upon the same propositions. At the election some of the districts voted for the formation of said new district, and some voted against, and an appeal was taken to the county school commissioner, and the identical proposition submitted to the voters was submitted and passed upon by the school commissioner, as the school commissioner never considered the proposition for the release of the school property by the new district to the old district. And defendants, having fully made their return, ask to be discharged.''

On the hearing a peremptory writ of *mandamus* was awarded against the appellants, from which judgment they duly appealed.

The return to the alternative writ of *mandamus* states the facts as to the contents of the petitions and as to the contents of the notices. The proposition to relinquish was in all the petitions, but in none of the notices, except those posted in district number 3–52–10 and 11, of which appellants are directors. The contention here is that by reason of the difference in the notices posted in district 3 from the notices posted in the other districts on the proposition to relinquish, makes the whole election void. It appears to us that this contention is well grounded. Section 7973 provides that when it is proposed to surrender to the old district all claims of the inhabitants of the new district to their share of the school property in the old district, such fact shall be distinctly stated in the notices posted in the districts to be affected, as required by section 7972. The notices in three of the districts failed to conform to this requirement. The

proposition contained in the petition presented to the board of directors in these three districts was not the proposition advertised and voted upon. The authority of the board of directors to act and to give notice of the election was the petition. The proposition in the petition was twofold, to form a new district, and to relinquish property rights in the old ones. There was no authority in any of the school boards with which the petition had been filed, to sever this proposition and to submit it in an emasculated form to the voters. The election as a whole was not on the proposition contained in the petition.

PETITION and notices must be identical.

The decision of the county school commissioner fails to pass upon the petition as a whole; it is silent as to that part of the petition proposing the relinquishment. The petition is the foundation stone upon which the new district must be erected, if erected at all. It has not been so built and we reverse the judgment. All concur.