McClure Brothers, Respondents, v. School District of Tipton et al., Appellants.

Kansas City Court of Appeals, February 20, 1899.

1. **Schools**: POWER OF BOARD: QUANTUM MERUIT. The directors of a school board empowered to build a house and furnished with funds therefor have the power incident and necessary to make effectual the grant, and the district may be liable for the reasonable value of goods received and used for its benefit.

2. ————: ————: CONVERSION. If the procuring of building material is within the authority of a school board and the same is procured in a wrongful manner and used in the construction of a house, the district is liable for the value thereof.

3. ————: PART OF STATE GOVERNMENT: LIABILITY FOR NEGLIGENCE OF DIRECTORS. A school district is a part of the state government and like a county is not liable for the negligence of its directors, nor for their breach of official duty, but it can not appropriate material used in the building of its school house and retain the money placed in its directors' hands for procuring the same.

4. ———: LIABILITY OF DIRECTORS: ASSUMPSIT: PRESUMPTION WITH REGARD TO FUNDS. School directors may be individually liable and the district may be likewise liable in an action of assumpsit where its directors are authorized to procure building material and provided with funds therefor; and if material is wrongfully procured without the use of the funds, the funds will be conclusively presumed to be in the custody of the board and ought to be subjected to the payment of the material, but where the fund is exhausted, *quaere*,

5. ———: LIABILITY OF WRONGFUL ACT OF DIRECTORS: CONVERSION. This is an action to recover damages for the wrongful act of the board of directors in converting property and the judgment in such action can not be upheld.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

REVERSED.

WM. S. SHIRK for appellants.

(1) The statute of Missouri requires the school district to keep a record of the proceedings of its board of directors. R. S. 1889, secs. 7990, 8012. And in school districts organized in towns and cities, as in the present case, the board of directors is commanded to keep "a common seal with which to attest its official acts." R. S. 1889, sec. 8090. Hence the school district can only be bound by the record of the proceedings of its board of directors kept by its clerk. (2) In this case there is nothing on the record of the school district of the city of Tipton showing or tending to show that the district or its board of directors as such board authorized the conversion of this property. The question was discussed at a meeting of the board, whether, if this lumber was used in completing the building, the district would have to pay for it the second time. At the close of this discussion, one of the members of the board is reported to have said to Christine & Becker, "go ahead, and slap it on as soon as you can."

VOL. 79 app—6

Christine & Becker thereupon used the material.    It was error to admit this evidence.    State ex rel. v. Lockett, 54 Mo. App. 202; Kane v. School Dist., 48 Mo. App. 408, 414, 415; Johnson v. School Dist., 67 Mo. 319; Maupin v. Franklin Co., 67 Mo.327; Hill v. Mining Co., 119 Mo. 9, 30; Lowell v. Wheelock, 11 Cush. 393; Sheckert v. Saginaw, 22 Mich. 104; Morrison v. Lawrence, 98 Mass. 219; Bank v. Dandridge, 12 Wheat. 69; U. S. v. Fillebrown, 32 U. S. 28. (3)   A school district can not be held liable for any negligence, tort, conversion or other malfeasance or misfeasance of its officers or board of directors.    It is not a municipal corporation.    It is only a *quasi* corporation, a creature of the statute.    In the language of the statute, it possesses only "the usual powers of a corporation for public purposes." R. S. 1889, secs. 7969, 8083; State to use v. Tiedemann, 69 Mo. 306, 307.   (4)   As above stated, such corporation can not be held guilty of negligence or wrongdoing, nor liable for the negligent or tortious acts of its officers.    Heller v. Stremmel, 52 Mo. 309 et seq.; Dillon on Mun. Corps. [3 Ed.], sec. 963; Freel v. Dist., 142 Ind. 27, and authorities cited; Finch v. Board, 30 Ohio St. 37; Elmore v. Drainage Com'rs, 135 Ill. 269; Bank v. School Dist., 51 N. W. Rep. 269; Ford v. The District, 15 Atl. Rep. 812; Hollenbeck v. County, 95 Ill. 148; Bartlett v. Crozier, 17 Johns. 446; Small v. Inhab. Danville, 51 Me. 359, 361, 362; Goddard v. Inhabitants, 84 Me. 499; School Dist. v. Williams, 38 Ark. 454; 1 Beach on Pub. Corps., sec. 736, and note; O'Leary v. Board, etc., 79 Mich. 281.    (5)   Under the statute, a school district has no power to levy a tax to pay a judgment based upon a trespass or tort.    R. S. 1889, secs. 7978, 7979, 8000, 8067; Hollenbeck v. County, 95 Ill. 148, 164; Ford v. District, 15 Atl. Rep. 512, 815.    (6)   A school district has no powers whatever except such as are expressly given to it by the statute.    To commit a trespass is not an enumerated power given it by the statutes of Missouri.

Armstrong v. Dist., 28 Mo. App. 169, 180; Snoddy v. Wabash Board, 46 N. E. Rep. (Ind.) 588; Weir v. Dist., 68 N. W. Rep. 584; State to use v. Tiedemann, 69 Mo. 306, 307. It is the same with counties. Reardon v. St. Louis Co., 36 Mo. 555; Ray Co. v. Bentley, 49 Mo. 236. An execution can not be levied against the property of a school district. State to use v. Tiedemann, 69 Mo. 307. Nor is it subject to garnishment. Waples on Atl., p. 231; Kein v. Dist., 42 Mo. App. 460. (7) Nor is the district estopped by having used the material, nor did the use of the material in the schoolhouse operate as a ratification of the trespass. Heidelberg v. St. Francois Co., 100 Mo. 69; Wolcott v. Lawrence Co., 26 Mo. 272. (8) Plaintiffs have mistaken the proper party to sue. If the directors committed a trespass they were individually liable. Allen v. Trustees, etc., 23 Mo. 418, 422, and authorities to points I and II; Freel v. Dist., 142 Ind. 27, and authorities cited. It is obvious that the action of replevin was also open to plaintiffs.

MOORE & WILLIAMS and SANGREE & LAMM and D. B. VAN SICKEL for respondents.

(1) The first point we want to make is, this is the second appeal. The first appeal is conclusive as to all questions that were raised or that could have been raised in the first appeal. The questions now before the court could have been raised on the first appeal but were not. 66 Mo. App. 84. And especially is this true where the statute of limitation will bar any action against any other party. The court will remember that this case was commenced in 1892, and was tried twice in the circuit court, at considerable cost. Tried once in the court of appeals and the question of the non-liability of the school district under the evidence was not raised. Now under these circumstances the question comes too late. Boone v. Shackleford, 66 Mo. 493; Sparks v. Brown, 46 Mo. App. 530. (2) Then again the court of appeals had this

before them and after a thorough examination reversed the case and remanded it for another trial. This of itself is sufficient to show that the school district is liable in this action as a matter of law, and the plaintiff and the trial court had the right to so consider it. Boone v. Shackleford, 66 Mo. 493. (3) Now while the statutes of Missouri do require school districts to keep a record and to have a seal, yet suppose they do not do it, are third parties bound by the negligence of the school board. If they keep a record the record is good evidence of their action. But if they keep no record of what they actually do, then how could their acts be proved except by parol testimony? If it should be ever established that nothing can be shown of the acts of a corporation except what the board of directors see proper to put on record, then nothing would go on record except what would suit the board, and what the result would be is easily imagined. Elmore v. Overton, 2 W. Rep. (Ind.) 308; 2 Genl. Digest 1886, p. 1647, sec. 2. (4) All that the plaintiff is required to do is to state the facts constituting his cause of action. Form is nothing. Name of action is nothing. There is in this state but one form of action, entitled a civil action. Missouri Civil Code, sec. 1, gen. sec. 1989. Replevin, trover and conversion, assumpsit, or any other name is abolished. The action is a civil action. The petition states the facts. Plaintiff on his statement of facts is justly entitled to relief. Clark v. Clark, 86 Mo. 114; R. S. 1889, sec. 2074. (5) The board knew at the time that this resolution or order was to take McClure's lumber. They ordered a letter written to McClure to that effect. The action was the action of the school district. It was clearly within the scope of the authority of the board of directors, and the school district is liable for the material beyond question. Trustees v. Trustees, 81 Ill. 470; Davis v. School Dist., 45 N. W. Rep. 989; Argenti v. San Francisco, 16 Cal. 255; Boyd v. Mill Creek School, 16 N. E. Rep. 511; Furni-

ture Co. v. School Dist., 20 L. R. A. 136; s. c., 50 Kan. 727; Greencastle v. Martin, 74 Ind. 449; Ehrgott v. Mayor, 96 N. Y. 264; Pittsburg v. Greer, 22 Pa. St. 54; Sidney v. Warren Twp. 15 Atl. Rep. 881; Murphy v. Lowell, 124 Mass. 564; Kobs v. Minneapolis, 22 Minn. 159; Eastman v. Meredith, 36 N. H. 284; Bailey v. Mayor, etc., 3 Hill (N. Y.) 531; s. c., 38 Am. Dec. 669; Aldrich v. Tripp, 11 R. I. 141; s. c., 23 Am. Rep. 434. (6) Plaintiff seeks to recover in this case on the ground that the school board was authorized by the district to obtain lumber for building the schoolhouse. That the getting of lumber was an act within the scope of their authority, an act that the board could legally perform. The board appropriated the lumber, and the district is liable. Trustees v. Trustees, 81 Ill. 470; Davis v. School Dist., 45 N. W. Rep. 989; Argenti v. San Francisco, 16 Cal. 255; Boyd v. Mill Creek, etc., 16 N. E. Rep. 511; Furniture Co. v. School Dist., 50 Kan. 727; Sidney v. Warren Twp., 15 Atl. Rep. 881; State to use v. Tiedemann, 69 Mo. 308; Pace v. Pierce, 49 Mo. 395.

SMITH, P. J.—The statement of this case made by us when it was here on another occasion—66 Mo. App. 86—will, we think, be found sufficient for a correct understanding of the questions presented for decision by the present appeal.

The instructions upon which the case was submitted to the jury, it is conceded, conformed to the views expressed by us when the case was here on the other appeal. Under these instructions the jury found for the plaintiff, in effect, that the material sued for was the property of the plaintiff at the time it was converted by the board of directors of the defendant school district and that of this fact the latter then had notice, and, further, that said material was not included in any estimate made by the superintendent in which Gordy & White received payment.

It appears that after the material which Gordy & White

had purchased of the plaintiffs had been laid down by them on the school site, they refused to proceed with the contract for building the school house so that the directors of the defendant school district, in order to secure the completion of the school house, re-let the work, in its unfinished condition, to Christine & Becker.

Under the contract re-letting the work the directors of the defendant school district agreed to furnish all the materials then on the ground which included the plaintiffs' materials. By this agreement Christine & Becker used the plaintiffs' material in the work of completing the school house. It is admitted that the requisite statutory steps had been taken to authorize the directors of the defendant school district to build the school house and to issue bonds for that purpose and that pursuant to that authority the bonds were issued, and that the proceeds arising from the sale thereof amounting to $12,000 were in the hands of the said directors. The question now is, whether or not the defendant school district is liable in this suit for the action of its directors in thus appropriating and using the plaintiffs' material in the building of the school house.

A board of school directors have power to contract for things within the scope and contemplation of their authority and power. Beach on Public Corp., sec. 1361. It is obvious that where, as here, the power is conferred upon a school board to build a school house and a fund is placed in SCHOOLS: power of board: quantum meruit. its hands for that purpose that the power incidental and necessary to make effectual the grant must be implied. In many instances the exercise of this power is regulated by statute, but in this state there is no such statute. It has been held that where a school board receives goods for the benefit of the school district and uses the same, an implied contract will arise to pay the reasonable value thereof. Beach on Public Corp., sec. 1361; Davis v. School Dist., 81

Mich. 214; Trustees v. Trustees, 81 Ill. 470; Furniture Co. v. School Dist., 50 Kan. 727; Furniture Co. v. School Dist., 122 Pa. St. 494; Argenti v. San Francisco, 16 Cal. 255.

It is an elementary principle of the law that where one takes and converts to his own use the property of another, such other may recover the reasonable value thereof in an action of assumpsit. It can not be contended that it was not within the power of the defendant's board of directors to purchase the material in question. If its board of directors chose to appropriate the material without first purchasing the same of the owner why is it not liable therefor on an implied assumpsit? Can it be that a board of directors of a school district which is invested with power to build a school house and procure material therefor can, in the execution of the power, authorize its agents to appropriate and use the building material of another, and when it is called upon to pay for the same, successfully claim exemption from liability therefor on the ground that the act of appropriation was a tort of its board of directors for which it is not liable? It seems to us that if procuring this building material was within the authority of the school board and if it did procure such material, though in a wrongful manner, and the same was used in the construction of the school house, then, according to every principle of common honesty, the district ought to be liable for the value thereof without reference to whether or not the directors procured the same by purchase or by wrongful appropriation.

—: —: conversion.

The management of the public schools is a branch of the state government and school districts as a part of the educational system of the state are on the same footing as counties in respect to liability to individuals for breach of official duty by their officers. A school district is not liable for the negligence of its directors nor, indeed, in any action sounding in tort for a breach of

—: part of state government: liability for negligence of directors.

official duty by such directors. Finch v. Board of Education, 30 Ohio, 37; Bank v. School Dist., 51 N. W. Rep. (Minn.) 269; Bigelow v. Randolph, 14 Gray, 541; Elmore v. Drainage Com'rs, 135 Ill. 269.

Can it be that the board of directors, having the authority to procure and pay for the plaintiffs' materials out of the fund in its hands, could appropriate and use such materials in the completion of the school house, which it had undertaken to build, and the school district incur no liability on account of such action of its directors? If so, this would enable it not only to keep the material but also the money which its board of directors was authorized to use in procuring the same. Can it keep both? May v. Juneau Co., 30 Fed. Rep. 241; Ham v. New York City, 70 N. Y. 459, and other authorities cited in defendants' brief.

It is not to be understood by what has been said that school directors may not be liable to an action when they bind themselves individually, or when, by their wrongful conduct, they cause injury to another. Allen v. Trustees, etc., 23 Mo. 418. While a school district is not liable in actions sounding in damages for the wrongful action of its board of directors, no reason is seen why it may not be liable in an action of assumpsit in a case like the present where its board of directors are authorized to procure building material in a lawful manner, but, instead of adopting a lawful manner, it adopts an unlawful manner, and by such latter manner the material is procured and used by it. As no part of the funds in the hands of the board of directors which it was authorized to pay out for the materials was so used, the same may be conclusively presumed to be still in the custody of the board, and ought to be subjected to the payment of the plaintiffs' claim.

But if the fund in the custody of the board of directors

— : liability of directors: assumpsit: presumption with regard to funds.

was exhausted in building the school house, so that there remains no part thereof out of which the plaintiffs' claim may be paid, it is quite difficult to discover if plaintiffs should obtain a judgment on a proper form of action how they could be satisfied. The many difficulties in the way of obtaining satisfaction of such a judgment may be readily seen by reference to the authorities cited in defendants' brief. The plaintiffs have sued the defendant to recover damages for the wrongful act of the board of directors in converting and appropriating their property, and we think the judgment therein can not be upheld. The evidence discloses no liability of the defendant on the allegations of the petition. It results that the judgment must be reversed. All concur.