# SCHOOL DISTRICT NO. 3, SCOTT COUNTY, Respondent, v. J. R. YOUNG et al., Appellants.

Springfield Court of Appeals, July 7, 1910. Motion for Rehearing Overruled January 9, 1911.

1. SCHOOLS: New Districts: Sale of School Property in Old District: Injunction. Section 9745, Revised Statutes, 1899, provides that when a new school district is formed which shall include within its limits those who have heretofore aided in the erection of a schoolhouse in the district, from which they were detached, and no release was made of their interest in said property, that the same shall be appraised and the original district shall be required to pay in taxes a proper proportion of the value of said property to the county treasurer

for benefit of the new district. *Held,* that in such case the school property should be appraised before it is disposed of, and that the directors may by injunction be prevented from selling the property before such appraisement had been made.

2. **INJUNCTION: Adequate Remedy at Law: Preventing Sale of School Property.** In a case governed by the provisions of section 9745, Revised Statutes, 1899, where school directors are about to sell the school property before appraisement, an injunction is the proper remedy, for if the property was permitted to be sold and removed or destroyed before appraisement, a subsequent appraisement or valuation would not be practical, and the remedy at law would not be adequate.

3. ———: ———. Our statute in regard to injunctions is very broad, and authorizes the remedy by injunction in all cases where an irreparable injury to property is threatened, and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded in an action for damages.

4. **SCHOOL DISTRICT: New District: Collateral Attack.** In a suit by the directors of one school district to enjoin the directors of another school district from selling school property in the latter district until it had been appraised, as required by section 9745, Revised Statutes, 1899; it appeared that both districts had been formed as new districts, and both had a portion of the territory of the old district, and the case was tried on the theory that their formation was regular. *Held,* that their legal existence could not be questioned in this collateral proceeding.

5. **PLEADING: Practice: Defect of Parties.** Where the plaintiff did not raise the question of defect of parties defendant, in the trial court by demurrer, he was held to have waived this point.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. R. Young* for appellants.

(1)   The respondent in its proceeding to form a new district had no authority of law to submit a different proposition to the voters of the different dis-

tricts. R. S. 1899, sec. 9744; School District v. Neal, 74 Mo. App. 557; School District v. Smith, 90 Mo. App. 215. (2) The school district is not only a proper, but a necessary, party to the action when it is sought to enjoin the doing of certain things for and on behalf of the district. School District v. Smith, 90 Mo. App. 215. (3) When a new school district is being formed from parts of other districts, the district being formed shall not encroach upon another simply for the acquisition of territory. R. S. 1899, sec. 9742. (4) Before the remedy of injunction should be invoked there should be a pressing case of necessity. Tanner v. Wallbrun, 77 Mo. App. 262.

*James A. Finch* for respondent.

(1) The fact that the notice and description of property sought to be taken were on separate pieces of paper, pasted together does not invalidate the notice. State ex rel. v. Eden, 54 Mo. App. 31. (2) The change in the character of the Washburn district could not relieve the old district of the obligation imposed by statute. School District v. Board of Education, 73 Mo. 627. (3) Injunction is the proper relief. School District v. Wallace, 75 Mo. App. 317. (4) Courts are disposed to look with favor upon proceedings to prevent injury, rather than compel the injured party to seek redress after the damage is accomplished. Overall v. Ruenzi, 67 Mo. 203. (5) The fact that the property was advertised to be sold was sufficient to warrant the application for an injunction. A party has a right to act on appearances. Western Union v. Light Co., 46 Mo. App. 120.

GRAY, J.—This is an original action to enjoin the appellants from selling, altering or destroying what is known as the Washburn school property. At the annual school meeting in 1906, there were three country

school districts in Scott county, known as the Kelso, Head and Washburn districts. At the annual meetings of that year a proposition was submitted in each of said districts and voted on to organize a new district by taking portions of the three. Petitions were presented and notices posted and at the annual meetings all the districts voted in favor of the proposition, and the plaintiff district was organized and is now known as the Edna district.

After the organization of the plaintiff district, a proposition was submitted to form a new district by taking all the remainder of the Washburn district and a portion of the Head district. This proposition also carried and a new district was organized and is now known as the Illmo district.

The defendants, at the time this suit was commenced, were the directors of the Illmo district. When the plaintiff district was organized, there was a schoolhouse and school property in the Washburn district and located in the part of the district remaining after the plaintiff's organization. The defendants as directors of the Illmo district advertised this school property for sale, and on account thereof, this injunction suit was instituted, having for its purpose the restraining of the defendants from moving, selling or destroying the school property until an appraisement thereof had been made as provided by sections 9744 and 9745, Revised Statutes 1899.

Upon the filing of the petition a temporary injunction was issued and the defendant appeared and filed a general denial and also a motion to dissolve. On the trial a judgment was rendered in favor of the plaintiff, and the defendants and their successors were permanently enjoined from disposing of the property until a legal appraisement had been made. The defendants appealed from this judgment.

The appellants claim that the petition does not state facts sufficient to constitute a cause of action;

that the plaintiff district was not legally formed; that there is a defect of parties defendant, and that under the evidence, the court should not have rendered judgment in favor of the plaintiff.

The petition, after alleging that plaintiff is a corporation organization under the laws of Missouri, and giving a history of its formation, alleges that at the time of formation of plaintiff a part of the territory of the Washburn district was taken, and at said time there was in said district a school house and school property, and no interest of the new district in the property had ever been released; that at the annual school meeting of 1907, a new district was formed by taking the remainder of the Washburn district and other property, that the defendants are the directors in that new district; that the plaintiff appointed an appraiser to appraise the school property of the old Washburn district for the purpose of a division of the property; that during the existence of the Washburn district, its directors failed and refused to appoint an appraiser, and since Washburn district became a part of the Illmo district aforesaid, the directors of said district have failed, neglected and refused to appoint an appraiser; that defendants as directors of said Illmo district, have advertised and are attempting to sell the Washburn school property, and that they will sell the same unless enjoined and restrained; that the property is valuable and had never been appraised, as provided by law; that plaintiff district, has a large interest in said property, the value of which can only be ascertained by an appraisement; that the buildings will be materially altered and destroyed so as to render a just and equitable appraisement impossible; that plaintiff would receive irreparable injury and is without adequate remedy at law.

The sections of our statute above mentioned, provide that when a new district is formed, which shall include within its limits those who have theretofore

aided in the erection of a school house in the district from whence they were detached, and if at the time when the new district was formed, no release was made of their interests in the property, the property belonging to the district shall be valued and there shall be levied and collected from the taxable property included in the original district, a sum bearing the same proportion to the entire value of the school property as the assessed valuation of the taxable property included within that portion of the territory detached bears to the total valuation of the property located in the original district; that the valuation of the said property shall be made by disinterested freeholders; one shall be appointed by each of the board of directors, and those thus appointed shall select another, and they shall proceed to determine the valuation, and certify to the district clerks. of the interested districts the amount determined upon. When this valuation has been determined, it is the duty of the district clerk of the old district to cause the amount thus certified to be levied upon the property contained within the former limits of the district, and the taxes when collected, shall be paid to the county treasurer, and by him placed to the credit of the building fund of the new district.

It will be seen from said statutes that when those in the new district who formerly lived in the old district, have not relinquished their interest in the old district property, that such interest shall be determined by appraisement and the amount properly determined and to be collected by taxes levied in certain defined territory.

The petition alleges facts not only showing plaintiff's right to an interest in the property and to the statutory right to have the same appraised and the value determined, but also alleges that the defendants, as directors of a new school district composed of territory not only of the remainder of the Washburn district after plaintiff was organized, but other territory

as well, are advertising the property for sale and refusing and failing to make any appraisement; that if a sale takes place, the property will be altered or destroyed so as to render a just and equitable appraisement impossible, and that plaintiff has no adequate remedy at law.

Under the facts alleged in the petition, it was the statutory duty of the defendants to have the property appraised and its value determined, and when the proper amount due the plaintiff was ascertained, then the same was to be collected as a special tax. The petition alleges that in violation of this statutory duty, they were refusing to have the property appraised, but were going to sell it and if permitted to do so, the buildings would be altered or destroyed so as to render a just and equitable appraisement impossible.

Our statute, in regard to injunctions, is very broad, and authorizes the remedy by injunction in all cases where an irreparable injury to property is threatened, and to prevent the doing of any legal wrong whenever, in the opinion of the court, an adequate remedy cannot be afforded in an action for damages.

In Rosenberger v. Miller et al., 61 Mo. App. 422, one of the defendants was a road overseer and threatened to remove a certain fence belonging to the plaintiff, claiming it was in the public highway, and the purpose of removing the fence was to open up a public road over the land of the plaintiff. The plaintiff brought an injunction suit and it was claimed by defendant that plaintiff had an adequate remedy at law, and there was no necessity for the interference of a court of equity. After quoting the above statute the court said: "The threatened act of Dryden involved the taking of a part of plaintiff's land for public use. No injury to land could be more irreparable, for it was the extinguishment of the estate itself."

Suppose defendants had been permitted to sell the property and the plaintiff would have resorted to an

action for damages, the defendant district would not have been liable for the wrongful acts of its board of directors in converting the property. [McClure Bros. v. School District, 79 Mo. App. 80.] If they had sold the property, received the money and paid it to the district treasurer the district probably would be liable in an action of assumpsit for the money. But our statute authorizes the injunction to prevent a legal wrong whenever an action for damages will not afford an adequate remedy. It may be said that if the directors proceeded unlawfully that an action for damages would lie against them. This may be true, and a money judgment obtained, but under the statute, the plaintiff is not required to take an ordinary money judgment, but is entitled to have the amount due it for its interest in the property levied as a special tax upon the property of the district.

The petition further alleges that the fair value of the property could not be ascertained after a sale, and therefore a suit for damages against the defendants personally, might not afford an adequate remedy. We are of the opinion that the petition states a cause of action.

The point that the plaintiff district was not legally formed is based upon the following: When the proposition to organize plaintiff district by taking territory from other districts, was submitted it is claimed that the propositions voted on were not identical in three districts. In the Head and Kelso districts, notices were posted notifying the voters that all claims to the district property would be released. In the Washburn district, the notices were silent on that question, and it may also be said that in the Head and Kelso districts the notices were silent as to what disposition was to be made of the school property in the Washburn district.

The appellants claim that the notices posted in all the districts must be exactly alike so that there will be

but one proposition voted on in all the districts. In this contention they seem to be supported by the following cases. [School District v. Neale, 74 Mo. App. 553; State ex rel. v. Job, 205 Mo. 1. c. 29, 103 S. W. 493.]

In State ex rel. v. Job, supra, 1. c. 29, the court said: "As many petitions should be prepared (all alike) as there are districts affected, and one petition be presented to the clerk of each district affected."

It cannot be said that none of the voters in the Head or Kelso districts were interested in the disposition to be made of the school property in the Washburn district. All of the voters living in the parts of such districts to be taken, in the organization of the new district, were financially interested in the proposition. If the interest in the Washburn property was not relinquished, then its value was to be ascertained and collected and placed in the building fund of the new district.

The petition, however, and all the evidence in this case shows that both the plaintiff and the defendants have acted upon the theory that the new district was properly organized. The defendants admit that they are directors of a new city district formed by taking the remainder of the Washburn district and a part of another district. If the plaintiff's organization was illegal, then the defendants' organization was also illegal, as that part of the old Washburn district which plaintiffs claim became a part of plaintiff's district by reason of the election of 1906, remained in the old Washburn district and was not considered in the organization of the defendants' district.

The petition expressly declares that plaintiff is a corporation organized under the laws of Missouri. This fact was not put in issue by the answer verified as required by law. [Section —, Revised Statutes 1899; School District v. Wallace, 75 Mo. App. 1. c. 328.]

Both plaintiff and defendants have acted on the theory that the election of 1906 was regular, and from that election, district boundary lines have been acquiesced in, new districts formed and now exercising their governmental functions. Under these circumstances, courts will not permit the legal existence of the corporation to be questioned in collateral proceedings. [Fredericktown v. Fox, 84 Mo. 59.]

The appellants' contention of defect of parties defendants was not raised in the trial court by demurrer, and therefore, was waived. [Fulwider v. Trenton Gas, Light & Power Co., 216 Mo. 582, 116 S. W. 508.]

The defendants' contention that the evidence is not sufficient to support the judgment, is not entirely without merit. One of the defendants testified that as a director he knew nothing about any claim of plaintiff to the property at the time it was advertised for sale, and when the question did come up, it was not the intention to dispose of the property until the matter could be properly investigated. If this was all the evidence upon the question, the court would not have been authorized in rendering the judgment against defendants, but the evidence does show that one of the representatives of plaintiff district talked at different times to some of the directors of defendants' district about having the property appraised, and that the defendants, without having the property appraised and determining the plaintiff's interest therein were proceeding, in disregard of the legal rights of the plaintiff. And at the trial in the circuit court the defendants were denying the right of the plaintiff to have the property appraised and were claiming that plaintiff had, by its delay, lost all interest in the property, if it ever had any, and that plaintiff was not entitled to have the property appraised at its value at the time of the appraisement, but plaintiff's interest, if any, was to be determined upon the market value of the property at the time of the election in 1906.

The plaintiff district has an interest in the property, and it is the legal duty of the defendants to determine the value of that interest in the manner provided by law, and it was unlawful for them to proceed to dispose of the property in disregard of the plaintiff's rights.

The evidence convinces us that without this injunction suit the defendants would have proceeded to sell and dispose of the property, claiming as they do now that plaintiff had no interest therein.

When all the facts and circumstances shown in evidence are taken into consideration, we are satisfied that the circuit court was authorized in making the injunction perpetual, and its judgment will be affirmed. All concur.