THE STATE At Relation and To Use of CONSOLIDATED SCHOOL DISTRICT No. 3 OF FRANKLIN COUNTY and E. W. GROSS ET AL., Directors, v. WALTER E. MILLER, County Clerk of St. Louis COUNTY, DOZIER SCHOOL DISTRICT No. 60, OTTO PLAGMANN ET AL., Directors, and OWEN GUDERMUTH, Clerk, Appellants.—33 S. W. (2d) 122.

Court en Banc, November 25, 1930.

*Walter Wehrle* for appellants.

*Joseph C. McAtee, James Booth* and *Virginia Booth* for respondents.

WHITE, J.—The relators, June 20, 1928, filed petition in the Circuit Court of St. Louis County, praying for an alternative writ of

mandamus commanding the defendant Walter Miller, County Clerk of St. Louis County, "to file for record in his office the estimate prepared by relators and presented to him for that purpose and to extend the school taxes of Dozier School District No. 60 on behalf of relators and to require the other defendants to turn over to relators the property and money on hand, books and papers of the said Dozier School District No. 60, or to show cause why they should not do so, and that upon a final submission the alternative writ be made peremptory."

The petition set out the facts showing the organization of Consolidated School District No. 3, under Section 11259, Revised Statutes 1919, as amended by the Act of 1921 (Laws 1921, page 654). The district was formed by consolidating a district called the Pacific District in Franklin County with Dozier School District No. 60 in St. Louis County. From the plats in the record it seems that the town of Pacific in Franklin County laps over somewhat into St. Louis County.

The petition alleged that the meeting for the purpose of organizing the consolidated school district was held March 1, 1928; that two hundred and sixty-three votes were cast for the organization, and forty votes cast against it, and the performance of all the preliminary steps necessary to the holding of the meeting. The answer and return of the respondents—appellants—to the alternative writ specifically denied each and every allegation of the petition.

The relators introduced the record of the proceeding to consolidate, which recites the facts alleged in the petition regarding the formation of the district and the vote cast at the meeting held for the purpose, and other evidence showing the steps taken. Among other things there was evidence that the number of children of school age in the consolidated district was less than five hundred—four hundred and forty-eight in the Pacific District, and about twenty-one in the Dozier District. The respondents—appellants—then introduced evidence tending to show that the notices and the plats posted in accordance with the statute were lacking in uniformity; that some of them failed to have the necessary signatures and were defective in other particulars; that they were examined when they were put up, February 14, 1928, and that they remained in the same condition until they were taken down on the first day of March, after the meeting for the purpose of consolidation. The relators introduced evidence to show that all the plats were in the same condition, properly signed when put up. The circuit court on the evidence introduced found for the relators and ordered the remedy prayed in the petition. From that judgment the respondents appealed to the St. Louis Court of Appeals, which court transferred the case to this court on the ground that a constitutional question was involved.

I. Appellants first assert that Section 11259, as amended by the Act of 1921 (Laws 1921, p. 655), is unconstitutional. That section

as amended provides that when resident citizens of a community desire to form a consolidated school district a petition of at least twenty-five voters of the said county shall be filed with the county superintendent of public schools. The county superintendent upon receipt of the petition shall investigate the needs and determine the boundary of the proposed consolidated district and so locate the boundary lines as will in his judgment form the best possible consolidated school district, having due regard for the welfare of the adjoining districts. He shall call a special meeting of all the qualified voters of the proposed consolidated district for the purpose of considering the question of consolidation. He shall make this call by posting within the proposed district ten notices in public places stating the time, place and purpose of the meeting, which shall commence at two o'clock on the date set. He shall also post in that territory five plats of the proposed consolidated district. The notices and plats shall be posted fifteen days prior to the date of the special meeting and within thirty days after the filing of the petition. The county superintendent shall file a copy of the petition and of the plat with the county clerk, and shall, send or take one plat to the special meeting.

The section then provides the method of proceeding at the meeting.

The petition was filed with the Superintendent of Schools of Franklin County February 8, 1928; the notices and plats were posted February 14, 1928, and the meeting held March first following.

After the above provisions in Section 11259, the section proceeds as follows: .

"If the proposed consolidated district includes territory lying in two or more counties, the petition herein provided for shall be filed with the county superintendent of that county in which the majority of the petitioners reside. The county superintendent shall proceed as above set forth and in addition shall file a copy of the petition and of the plat with the county clerk of each county from which territory is proposed to be taken: Provided, that all plats and notices posted as required in this section shall not be filed or posted unless approved and signed by the county superintendent of all counties in which any part of such proposed district shall lie. Provided further, that should any county superintendent fail or refuse to sign all plats and notices as required in this section, the case may be appealed to the state superintendent by any other county superintendent interested and the decision of the state superintendent shall be final."

The appellants first assert that the Act of 1921 is unconstitutional, contrary to Section 28, Article IV, because it contains more than one subject which is not clearly expressed in the title. Section 11259 was first enacted in 1913 (Laws 1913, p. 722); the title is as follows: "An Act to provide for the organization of consolidated schools and rural high school and to provide state aid for such schools, with an emergency clause,"

In State ex rel. v. Gordon, 261 Mo. 631, it was held that the Act was constitutional as against that objection. This court said, l. c. 639:

"The Act relates to but one subject, namely, consolidated and rural high schools. While it deals with two phases of the same subject, the organization of the districts and their financial aid by the State, yet that fact constitutes no constitutional objection to the act. . . ."

The further objection is that the title to the Act of 1921 does not contain any reference to the amendment of Section 11259. It will be noticed from the part of that section quoted two provisions are appended:

The first proviso requiring plats and notices to be approved and signed by the county superintendent of schools of all the counties in which any part of the proposed district shall lie, was added by the amendment of 1917. The title to the amendatory act designated it as an amendment to the Act of 1913. The mere reference to an act or a section by the title of the amending act, is sufficient, without other description of the subject-matter. It is sufficient that the Act deal exclusively with the subject-matter of the act amended. [Clark v. Railroad, 319 Mo. l. c. 878; State v. Mullinix, 301 Mo. l. c. 390; Asel v. City of Jefferson, 287 Mo. l. c. 205.]

The Act of 1921 added the second proviso, that if the county superintendent fail or refuse to sign the plats and notices the matter shall be appealed to the State Superintendent and the decision of the State Superintendent shall be final. It was not necessary to mention the amendment of 1917 in the title of the Act of 1921, because that amendment had been incorporated in the revision of 1919, and the Section 11259 appears in that revision with that proviso, so that what was amended by the Act of 1921 was Section 11259 as it appears in that revision. If we understand the appellant's constitutional objection this meets it.

II. The appellants introduced some evidence tending to show that at least one of the plats filed was not signed by the school superintendent of Franklin County, although the relators introduced evidence to show that all of the plats of which complaint was made were duly signed at the time they were put up. It was claimed further that a plat was not filed with the County Clerk of St. Louis County. Evidence was introduced to show that the plat in fact was presented to him for filing. It is claimed further that the plats were vague and uncertain and did not show the boundaries of the School District No. 60, taken in from St. Louis County. At the foot of each plat was the statement in typewriting:

"The above proposed consolidated school district will consist of all the present school district of Pacific, Missouri, and the Dozier District No. 60, of St. Louis County, Missouri. When consolidated

the district will be known as Consolidated District No. 3 of Franklin County, Missouri.''

It was signed by the School Superintendent of Franklin County, Missouri, and by Charles A. Lee, State Superintendent of Schools. It is not questioned that the signing of the notices and plats by the State Superintendent instead of by the County Superintendent of St. Louis County was a sufficient compliance with the law.

Appellants in their brief start out with statements equivalent to admissions that Consolidated District No. 3 was functioning as a *de facto* district and only question the regularity of the plats, etc. as mentioned above.

This is a collateral proceeding, and appellants, respondents in the mandamus proceeding, were not in position to question the validity of the organization. [State ex rel. Consolidated School District No. 1 of Mississippi and New Madrid Counties v. Jones, 8 S. W. (2d) 66, 1. c. 69, was a case in which exactly the same lack of formality was claimed in the formation of the district, as is claimed in this case, and it was held that the matter could not be inquired into in mandamus proceeding to compel the extension of taxes against land in that part of the consolidated district in one county. [State v. Moore, 18 S. W. (2d) 1. c. 895; State ex rel. Waddell v. Johnson, 316 Mo. 1. c. 24-25; Randolph v. Moberly Hunting & Fishing Club, 15 S. W. (2d) 1. c. 840.] In State ex rel. Buckley v. Thompson, 323 Mo. 248, 19 S. W. (2d) 714, the question was considered and in the ruling the court was divided, but not upon that proposition. All seemed to concur in the proposition that the organization of a district could not be questioned in a collateral proceeding, but differed on the fundamental question whether the organization was void on the face of the proceeding, or merely voidable. The majority holding was that in any event under the law a school district could not be organized in the manner in which the school district under consideration was attempted to be organized.

A number of cases are cited in the briefs on each side in which the organization of a school district was brought into question, but in each of them the proceeding was by *quo warranto*—a direct proceeding to test the validity of the organization.

III. Further questions of fact were presented as to the number of children in each district and the population of each district, as to whether the children in the consolidated district were fewer than five hundred. There was further question as to whether the estimate required to be filed with the county clerk had been forwarded. If these facts had been a proper subject of inquiry collaterally, the matter was settled, for the trial court resolved them all in favor of relators.

The judgment is affirmed. All concur.