NORVILL *vs.* WILLIAMS' ADM'R.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Time of verifying claim.*—It is not a valid objection to a claim against an insolvent estate, (Code, § 1847,) that the affidavit by which it is verified, though made after the intestate's death, was in fact made before the estate was declared insolvent.

APPEAL from the Probate Court of Sumter.

IN the matter of the estate of James O. Williams, deceased, which was duly declared insolvent on the 2d January, 1856, and against which the appellant filed a claim on the 14th January, 1856, verified by affidavit before a justice of the peace on the 23d June, 1854, and presented to the administrator on the 22d November, 1855, which was within eighteen months after the grant of letters of administration. The probate court rejected the claim, because the affidavits by which it was verified were made before the declaration of insolvency; to which the appellant excepted, and which he now assigns as error.

T. B. WETMORE, for appellant.

S. F. HALE, *contra.*

STONE, J.—We have heretofore held, that if a claim against an insolvent estate is not filed, *verified*, within the time prescribed by law, such claim may be rejected by the court, although the claim had not been made the sub-

ject of objections according to section 1854 of the Code. See Carhart v. Clark, 31 Ala. 396.

In the present case, the claim was filed in time, and, when filed, it was accompanied by what is here claimed as a verification. In form, the affidavits seem unobjectionable. The claim was rejected, as we gather from the record, because the affidavits, though made after the death of the intestate, were in fact made before the declaration of insolvency. It now becomes our duty to determine, whether a verification thus made is sufficient under the statute.

We have given this subject careful and full consideration, and hold, that when the verification is filed with the claim, and the only objection is, that the affidavit, though made after the death of the intestate, was yet made before the estate was declared insolvent, such verification is a compliance with section 1847 of the Code. The reasons which lead us to this conclusion are the following :

1st. The statute is silent, *when* the verification shall take place. Its language is, "verified by the oath of the claimant, or some other person who knows the correctness of the claim, and that the same is due." In Lay v. Clark, (31 Ala. 409,) we construed the word *verified*, as found in this section. There is nothing in the opinion pronounced in that case, which requires us to hold this verification bad.

2d. If it be urged that the verification in this case, dating as it does before the declaration of insolvency, was nothing more than an extra-judicial oath, we answer— first, that we do not deem it necessary to announce any opinion on this question in the present case ; second, if this be conceded, then this case, for all penal purposes, will stand in precisely the same predicament as claims verified beyond the limits of the State of Alabama, under sections 1849 and 1850 of the Code. On such foreign verification there could be no indictment for perjury.

3d. The claim being verified after the death of testator or intestate, if the representative of the estate have paid the claim between the time of the verification and

the time of filing, he will have knowledge of. that fact, and can protect himself and the estate by filing objections to the allowance of the claim, under the provisions of section 1854 of the Code. Hence, the principle here declared cannot work any injustice to the estate.

4th. We adopt this principle the more readily, because we are satisfied that we thereby approve a practice which has obtained largely with the profession; and the opposite construction could not fail to work much individual oppression.

The decree of the probate court is reversed, and the cause remanded.