THE INHABITANTS OF THE TOWN OF FREDERICKTOWN,
*Plaintiff in Error*, v. FOX.

1. **Municipal Corporation**: ORDINANCE: STATUTE. A town incor-
   porated by a county court under General Statutes, 1865, chapter 41,
   page 239, has authority by virtue of section 7, of said chapter to enact
   an ordinance prohibiting persons without license from it from
   keeping dramshops, tippling houses, and saloons, and from retail-
   ing beer within its limits, or within one-half mile therefrom.

2. **Incorporation, How Questioned.** It is not competent for the
   defendant, in a suit by such town to enforce the collection of a fine
   for the violation of its ordinance, to disprove the fact of its incorpo-
   ration. Such question can only be raised by the state by *quo war-
   ranto* or other direct proceeding.

*Error to Madison Circuit Court.*—HON. JOHN H.
NICHOLSON, Judge.

REVERSED.

The statement in this action was as follows: Plaintiff
states that it, being a municipal corporation, organized,
created, and existing under and by virtue of the General

Statutes of Missouri for many years continuously last past, under the corporate name and style of "The Inhabitants of the Town of Fredericktown," in the county of Madison, and state of Missouri, did, on or about the 29th day of November, 1879, through its duly constituted, elected, and appointed authorities, by its by-laws, regulations, and ordinances, which were by said authorities enacted, passed, and published, provide for licensing and regulating dramshops and tippling houses within and to the distance of one half mile from the corporate limits of said town of Fredericktown, by directing as follows :

"That no person shall be permitted to engage in keeping a dramshop, tippling house, or any other kind of liquor saloon, or to retail beer within the corporate limits of said town, or within the distance of one-half a mile from the corporate limits of said town, without first procuring from the chairman of the board of trustees' of said town, or from the marshal of said town, a license, permitting him or her so to do ; that dram-shop keepers shall, as such, take out a license and pay for the same seventy-five dollars ($75) for the year, or thirty-seven dollars and fifty cents ($37.50) for six months, said license to be paid invariably in advance ; that persons engaged alone in selling wine and cider and weak drinks, should also take out a license, and pay for the same at the rate of thirty-seven dollars and fifty cents a year, payable semi-annually, in advance." Finally, "that any person or persons violating any of the foregoing provisions and ordinances in regard to license, should, on conviction, be fined double the amount of the license they fail to pay or may be liable for."

That the defendant, Joseph C. Fox, did, on or about the 22nd day of January, 1880, unlawfully engage in keeping a dramshop, tippling house and liquor saloon, and retailing beer, within the distance of one-half a mile from the corporate limits of said town of Fredericktown, and in Collier & Villars' addition to said town, in said county of Madison, in the state of Missouri, without

being a dealer in drugs and medicines, and without first having and procuring from said corporation and town, or from any of its authorities or officers, a license permitting him to do so, and without having any license or legal authority to authorize him so to do ; and that the said defendant, Joseph C. Fox, at the aforesaid time and place, unlawfully did, whilst so, as aforesaid, engaged in keeping said dramshop, tippling house and liquor saloon, and in retailing beer, sell to one Andy Ruth and to one Reuben Albert, and to divers other persons whose names are unknown to plaintiff, intoxicating, fermented, and distilled liquors in less quantity than one gallon and one quart, to-wit :   One gill of whiskey for ten cents, one gill of wine for ten cents, one gill of brandy for ten cents, one pint of beer for five cents, one pint of lager beer for five cents, one pint of ale for five cents, and one gill of gin for ten cents, all of which doings and things are contrary to the aforesaid rules, regulations, and by-laws, and ordinances of the said town of Fredericktown and against the peace and dignity of said town.   That this suit is brought before a justice of the peace of the township, to-wit :   St. Michael, in which said town is situated.   That this proceeding is authorized, commenced, and prosecuted by authority of the chairman of and by the order of the board of trustees of said town.

Wherefore plaintiff demands judgment against defendant for the aforesaid fine, imposed by said town ordinances, the same being double the amount of the aforesaid license for six months, or the total sum of seventy-five dollars, and for costs of suit, and plaintiff prays that if the said fine and license cannot be made out of the defendant, that he be dealt with as provided by the general statutes of Missouri in suits of this nature.

*B. B. Cahoon* for plaintiff in error.

(1)   The court properly excluded the old order, because :   It was an attempt to attack the existence

and incorporation of the municipal corporation of the town of Fredericktown in this, a private suit, in a collateral way, and this, it is well settled, can only be done in a direct proceeding for this purpose, by the state, itself, in a proceeding in the nature of a *quo warranto*. *Kayser v. Trustees of Breman*, 16 Mo. 88–90; *St. Louis v. Shields*, 62 Mo. 247; *Kansas City Hotel v. Hunt*, 57 Mo. 126; *Shewalter v. Pirner*, 55 Mo. 218; Cooley's Const'l Law, 254; Dillon on Mun. Corp., sec. 210; *Land v. Coffman*, 50 Mo. 243; *McIndoe v. City of St. Louis*, 10 Mo. 576; *Bear Camp River Co. v. Woodman*, 2 Greenl. Rep. 404; *Charles River Bridge v. Warren Bridge*, 7 Pick. 371.　(2) There can be no question but that the complaint in this cause states a good cause of action, and that the suit was properly brought, both by the authority of the town ordinances and of the general statutes of Missouri.　2 R. S., secs. 5019, 5010, 5004; art. ii, sec. 4, p. 14; secs. 15 and 16, p. 16; sec. 21, p. 17; sec. 22, p. 18, of the Ordinances of the town of Fredericktown.　Art. ii, sec. 5, p. 4; art. iii, sec. 1 and 2, p. 5, of the Rules, Regulations and By-Laws of said town.　Art. ii, sec. 23, p. 18, of the Ordinances of said town.　(3) The evidence and the admissions on the trial as made by the defendant showed the existence of every substantive matter charged in the complaint.　(4) The power of municipal corporations to recover fines and penalties from persons conducting business or pursuing avocations, as was defendant, without license, when the power to create such license by ordinance is, as here, clear, can no longer be questioned. *St. Louis v. Steinberg*, 69 Mo. 302, and authorities cited; *St. Louis v. The Manufacturers' Savings Bank*, 49 Mo. 574; *St. Louis v. Life Association*, 53 Mo. 446; *St. Louis v. Green*, 70 Mo. 562.　In such case the essence of the offence consists in pursuing the avocation without a license when one is required by law. *State v. Cox*, 32 Mo. 566; *State v. Willis*, 37 Mo. 192; *State v. Whitaker*, 33 Mo. 457; *State v. Jacobs*, 38 Mo.

379; *State v. Rucker*, 24 Mo. 557; *State v. Meyers*, 63 Mo. 324.

*Nalle & Edwards* and *J. D. Fox* for defendant in error.

(1) The court committed error in refusing to admit in evidence the order of the county court of 1827, incorporating plaintiff. The order of the county court of 1868, incorporating the town of Fredericktown, is a nullity, and the acts of the board assuming to legislate under said order are without warrant or authority of law, and are absolutely void. · In a suit against an individual citizen for the recovery of a tax levied by a body of men assuming to act as the board of trustees of a municipality, the validity of the tax may be inquired into, and the court can determine whether such board had authority to levy such tax. Dillon on Mun. Corp., secs. 125, 110, 154, and 155; *Welch v. Ste. Genevieve*, 10 Am. Law Reg. 512; *Ex parte Snyder*, 64 Mo. 58; *Decorah v. Bullis*, 25 Ia. 12; *Hildreth's heirs v. McIntire*, 1 J. J. Marsh. 296; *People v. White*, 21 Wend. 520. (2) Under the statute which gives authority to license and regulate dramshops to the distance of a half mile from the corporate limits of the town, the municipal officers have no right to exact license fees which are in effect taxes. Dillon on Mun. Corp., secs. 605–9; *Amer. Union, etc., v. St. Joseph*, 66 Mo. 680; *Wells v. Weston*, 22 Mo. 384; *St. Charles v. Nolle*, 51 Mo. 122; *Corrigan v. Gage*, 68 Mo. 541.

EWING, C.—This was a suit commenced before a justice of the peace, in Madison county, under section 5019 of the Revised Statutes, 1879, to recover a fine from the defendant for keeping a dramshop within half a mile of the corporate limits of the town of Fredericktown, and selling intoxicating liquors without having a license therefor. On appeal to the circuit court there was a trial *de novo* before the court, a jury being waived, and a

judgment for the defendant, whereupon the plaintiff brings the case here on writ of error.

To sustain the allegations of the complaint the plaintiff read in evidence an order of the county court of Madison county incorporating the "Inhabitants of the Town of Fredericktown," in 1868; put in evidence the ordinances of the plaintiff, and offered evidence tending to prove all the allegations of the petition. The defendant then offered to read in evidence another order of the county court of Madison county, dated June 13, 1827, incorporating the inhabitants of the town of Fredericktown, but which, on objection of the plaintiff, was excluded. Plaintiff then asked the court to declare the law to be that if defendant was a dram-shop keeper in half a mile of the corporate limits of plaintiff, and sold liquor without license, he was guilty, and the court must find for plaintiff. Plaintiff also asked two other instructions in substance like the above, and declaring as a legal proposition that the plaintiff must recover if the evidence supported the allegations of the statement. The court refused all of them. The defendant asked no instructions. The court found for the defendant.

I. The complainant was duly incorporated under the forty-first chapter of General Statutes 1865, page 239. By section seven of that law, the complainant had power, amongst other things, "to provide for licensing and regulating dramshops and tippling houses, * * * in and to the distance of one-half mile from the corporate limits of such town, * * * to impose and appropriate fines, forfeitures, and penalties for breaking their ordinances; * * * to levy and collect taxes, * * * and to pass such other by-laws and ordinances for the regulation and police of such town and commons thereto appertaining, as they shall deem necessary, not repugnant and contradictory to the laws of the land." This would seem to be ample authority for the plaintiff to levy taxes and impose fines and forfeitures, for violations of its ordinances. This was the power given to it by its charter, which was

the general law. Then under this authority the plaintiff adopted an ordinance to the effect that, "No person shall be permitted to engage in keeping a dramshop, tippling house or any other kind of liquor saloon, nor to retail beer within the corporate limits of said town, or within the distance of one-half mile from the corporate limits of said town, without first procuring a license permitting him or her so to do."

The statement of the cause of action was sufficient. The plaintiff was legally incorporated, and had ample legal power to enact the ordinances read in evidence; and under the pleadings and the evidence, which fully established the facts, and about which there was no dispute, the instructions two, three and four, asked by the plaintiff, should have been given.

II. As the case must be reversed for the error of the court below in refusing the instructions asked by the plaintiff, it may be proper to notice the position insisted on by the defendant in relation to the attempt to question the corporate existence of plaintiff. The defendant attempted to show that the plaintiff was not a corporation by offering evidence of a former and older order of court incorporating the plaintiff. This the court excluded, and we think properly. The corporate capacity of plaintiff cannot be thus questioned by private parties. Judge Cooley, in his Constitutional Limitations, p. 254, says: "In proceedings where the question whether a corporation exists or not arises collaterally, the courts will not permit its corporate capacity to be questioned, if it appear to be acting under color of law, and recognized by the state as such. Such question should be raised by the state itself, by *quo warranto* or other direct proceeding." *City of St. Louis v. Shields*, 62 Mo. 247. In *Matthews v. Skinker*, 98 U. S. 621, the Supreme Court of the United States says: "A private person cannot directly or indirectly usurp this function of the government." To the same effect is *Thornton v. Bank*, 71 Mo.

221, and cases cited in that opinion ; *Shewalter v. Pirner*, 55 Mo. 218 ; *Land v. Coffman*, 50 Mo. 243. Numerous other authorities might be cited, but the principle has been so well settled it is useless to pursue it further.

The judgment of the circuit court is reversed and the case remanded. All concur.