The State ex rel. The Wisconsin & Minnesota R. Co. vs. Clough.

THE STATE EX REL. THE WISCONSIN & MINNESOTA RAIL-
ROAD COMPANY vs. CLOUGH, Circuit Judge, etc.

*September 20 — October 11, 1887.*

MANDAMUS: *Setting aside writ because inadvertently granted.*

The supreme court has power, of its own motion, to correct any error
or improvidence in the allowance of a writ of *mandamus;* and
when it has, through oversight or inadvertence, issued an alterna-
tive writ to compel a circuit judge to settle and sign a bill of ex-
ceptions not containing all the facts deemed necessary by him, it
will, on discovery of the mistake, set aside and vacate the writ
and direct a bill to be prepared according to the facts and settled
before the trial judge.

MANDAMUS to the Circuit Judge of the *Eleventh* Cir-
cuit.

The case is sufficiently stated in the opinion.

*J. G. Flanders,* for the relator.

*H. H. Hayden,* for the respondent, took the ground that
the trial judge alone had a discretion to say how much of
the testimony should be inserted in the bill of exceptions,
and that *mandamus* would not lie to control that discretion,
citing numerous cases.

ORTON, J. It appears that judgment having been ren-
dered in favor of the plaintiff, in the circuit court of Chip-
pewa county, in the case wherein Clarentine Quackenbush,
administratrix of the estate of Edward G. Quackenbush,
deceased, is plaintiff, and the said Wisconsin & Minnesota
Railroad Company is defendant, before the Hon. SOLON H.
CLOUGH, the judge presiding, and the defendant wishing to
appeal from said judgment to this court, the attorneys of
said defendant prepared and served upon the attorneys of the
said plaintiff a bill of exceptions, purporting to contain all
the evidence necessary to present the questions of law raised
at the trial, in the narrative form. It further appears that

VOL. 69 — 24

the plaintiff's counsel served certain amendments to said bill, among which were, to set out the testimony of certain witnesses as it appeared in the reporter's notes, which last amendments the defendant's attorneys refused to accept, having allowed the other amendments to said bill by certain numbers; and the matters of said settlement having been brought to the attention of the said judge, upon said bill and amendments, and having been duly considered by him, it was decided and ordered, on the 13th day of May, 1887, that in addition to the allowance of said amendments by said certain numbers, the reporter's notes of the evidence of said certain witnesses named in said amendments should be incorporated into said bill, and that said bill should be so settled and signed on a certain day, to wit, thirty-one days after the 13th day of May, 1887. It further appears that, before that day arrived, to wit, on the 8th day of June, 1887, the said defendant procured, by its petition to that effect, an alternative writ of *mandamus* from this court, to be issued to the said judge, commanding him to sign the said bill of exceptions as first proposed and served by the attorneys of the said defendant, and as amended by said certain amendments by number, or that he appear before this court, on the 9th day of August, 1887, to show cause why he refuses so to do. It further appears that the said judge made return to said writ, and answered said relation, that he had settled and signed said bill of exceptions as commanded by said alternative writ, and directed the same to be forthwith filed in the office of the clerk of the circuit court of Chippewa county, and that he is unable to say that said bill so settled and signed contains all the evidence which may be necessary in the consideration of such questions of law and fact as may be raised upon the said appeal, and that the evidence preserved in the reporter's notes, which may be necessary upon said appeal, is much abridged in said bill, and not all of what may be so necessary is con-

tained in said bill. The said judge therefore asks that this proceeding be dismissed. The above statement is deemed sufficient to present the whole case.

It cannot be denied that the learned judge, the respondent to this writ, has strictly performed its mandate, and that he is entitled to have the proceedings dismissed, and that the learned counsel of the relator has no just cause of complaint. But we can well understand the difficulty and embarrassment under which the defendant is placed, by this strict performance of the alternative writ, in being unable to use the evidence in the case upon the hearing of the appeal, especially upon the question whether the verdict is contrary to it. We are not disposed to criticise the proceedings taken by either party, and certainly we cannot question but that the learned judge strictly performed the unpleasant duty of obeying the writ.

We do not think it would be just to leave the defendant in the attitude where these proceedings have placed it, with a bill of exceptions settled and signed and made part of the record, without a certificate of the judge, that it contains all the necessary evidence. It was questioned by the learned counsel of the relator whether this court had the power to correct any mistake, oversight, error, or improvidence, in the allowance of the writ, without motion of one or other of the parties, or on its own motion. We do not doubt the power of this court to do so, in a proper case, and we think it proper to exercise that power in this case, and dismiss the alternative writ, and set it aside, because it was improvidently granted, and by an oversight. It is well known to every lawyer that the only alternative writ proper to be granted to a trial judge to settle and sign a bill of exceptions, is one commanding him to settle and sign a bill according to the facts, without any specific direction as to what are the facts to be stated therein. This alternative writ is a flagrant violation of this invariable rule. We

deem it the duty of this court, as soon as its attention is called to such a writ, to at once correct the error or oversight, and quash or dismiss it. It would not do to dismiss the writ, on the ground that it has been complied with, for that would leave the bill of exceptions, as now settled and signed, of record, and conclusive upon both parties. In consideration, therefore, of the fact that the bill of exceptions so signed under the compulsion of this improvident writ has become a part of the record in the cause, and the further fact that there has been great delay and difficulty in obtaining the settlement of a bill of exceptions in this cause, by the practice adopted, we think it is the further duty of this court to order a bill of exceptions settled as speedily as possible according to the facts.

*By the Court.*— It is therefore ordered: *First,* That the alternative writ granted in this case be, and the same is hereby, quashed and dismissed, and that all things done under and by virtue of it be, and the same are hereby, set aside, vacated, and annulled, and held for naught; and, *secondly,* that, in case the said defendant desires to have a bill of exceptions settled and signed in said cause, it cause one to be prepared according to the order of said judge dated the 13th day of May, 1887, and as already settled and allowed by him, containing all the testimony of the several witnesses named in said order, in narrative form, and condensed as much as practicable, without affecting the sense or substance thereof, and present the same to the said judge for his signature, within thirty days from the entry of this order.