THE STATE EX REL. CONSOLIDATED SCHOOL DISTRICT OF MISSISSIPPI AND NEW MADRID COUNTIES v. C. L. V. JONES, Clerk of County Court of New Madrid County.—8 S. W. (2d) 66.

Court en Banc, June 21, 1928.

354

*J. M. Haw* for relator.

*J. M. Massengill* and *Gallivan & Finch* for respondent.

WHITE, J.—The relator filed in this court his petition for writ of mandamus to compel the respondent, Clerk of the County Court of New Madrid County, to assess, for taxes claimed to be due relator for school purposes, land in that county included in relator district.

Alternative writ was issued, to which respondent filed return, setting up four defenses to the writ: "First, that the petition and alternative writ did not show facts sufficient to entitle relator to the relief asked; second, that the petition and alternative writ did not show on its face legal capacity in relator to sue; third, facts are set out which respondent claims show that the relator is not entitled to maintain the action because it was never properly organized as a consolidated school district, and which show that it has no right to tax for the support of said district the land described (in the petition) in New Madrid County, and that school districts 20 and 21 in New Madrid County included such lands and had voted bonds to maintain schools in such districts; and, fourth, laches, which respondent claims bars relator's right to recover.

Relator filed a motion to strike out the return on the ground that it stated no defense to the action and no facts which would prevent the relief prayed for. This motion was taken with the case. Thereupon the relator, reserving his right to question the sufficiency of the return, filed a reply denying specifically the facts stated in the return, and setting up affirmative facts in relation to the issues tendered.

This court then appointed as commissioner Honorable Harry C. Blanton, of Sikeston, Missouri, to take evidence upon the issues. This evidence was accordingly taken and is before us for consideration.

I. Relator complains that the return combines both the functions of a demurrer and an answer, and therefore having answered the respondent waives his demurrer to the sufficiency of the petition and cannot question relator's right to sue. Since the relator's right to sue is questioned in the form of an answer as well as demurrer, it is unnecessary to consider whether that part of the return in the form of a demurrer is proper pleading.

Respondent contends that the general rules of the pleading do not apply to this case. The rule is that in a proceeding of this kind the alternative writ is generally taken as the first pleading and the return takes the place of an answer. [State ex rel. Wagner v. Fields, 263 S. W. 853.] Many other cases may be cited to the same effect. Section 1290, Revised Statutes 1919, provides that Article VI, Chapter 12, relating to amendments of pleadings shall apply to writs of mandamus. Some general rules of pleadings are applied to mandamus, by Sections 1983 and 1984, which provide for a plea to the

return and reply or demurrer to such pleading. Averments sufficient to constitute a cause of action in an ordinary case would be sufficient in an alternative writ of mandamus.

The complaint of respondent is that the petition simply states conclusions and does not plead facts which show that the relator is in fact a consolidated school district with a right to sue. Section 1244, Revised Statutes 1919, provides that it shall not be necessary to plead *evidence*, and it has many times been held that it is only necessary to plead ultimate facts. In this case the petition and alternative writ allege that relator is, and ever since the 17th day of May, 1917, has been a consolidated school district of Mississippi and New Madrid counties, duly organized and existing under the laws of the State of Missouri, being a body corporate and having the right in its name to sue and be sued, and possessing the same corporate powers and governed the same as other school districts. We have been pointed to no ruling of this court where an averment of that character was held an insufficient statement of the incorporation of the party making it. It is generally the practice, when a corporation brings a suit, to state as the ultimate fact its corporate character and its right to sue in that form.

II. The respondent is in no position to question the corporate character of the relator. Section 1415, Revised Statutes 1919, provides that where a plaintiff or defendant sues or is sued as a corporation or a partnership "it shall not be necessary to prove the fact of such incorporation or partnership, unless the opposite party puts such fact in issue by affidavit filed with the pleadings in the cause."

In a general way the rules of pleading apply to mandamus as well as to any other case. Section 1415 has been generally applied where suit is by partnership or corporation. [McCaskey Register Co. v. Blakeney, 224 S. W. 62; Nephler v. Woodward, 200 Mo. 179, l. c. 191; Lawrence Lumber Company v. Thomas Lumber Company, 253 S. W. 783.]

It applies to municipal as well as to other corporations. [Walker v. Point Pleasant, 49 Mo. App. 244, l. c. 247.] In that case Judge ROMBAUER, who wrote the opinion, set out the allegation in the petition:

"That the defendant is a municipal corporation under the laws of said State, located in said county, with power and authority to sue and be sued." The court overruled the objection that the petition failed to state what sort of a corporation the defendant was and by what law created. It was also held that the defendant could not both demur and answer, and to question the corporate character the issue would have to be raised by affidavit.

The rule applies to school districts. [School District v. Young, 152 Mo. App. 304, l. c. 312. See Inhabitants v. Fox, 84 Mo. 65.] The respondent cannot in this proceeding question the regularity or legality of the incorporation of Consolidated School District No. 1 of Mississippi and New Madrid counties.

III. The petition and alternative writ clearly state a cause of action. After alleging the corporate character of the plaintiff it alleges that the district embraces certain lands in New Madrid County, describing them; that the respondent is the clerk, duly elected and qualified, of the County of New Madrid, that the directors of Consolidated School District No. 1 made and delivered to him an estimate of the .funds necessary to sustain the schools in said district for an eight months' term, together with the amount necessary to meet the bonded indebtedness, etc., that the respondent on the receipt of such estimate was in duty bound to assess as taxable the real estate in that part of the district lying in New Madrid County for the purposes of said district, and that he refused and still refuses to make such assessment. It then prays for a writ of mandamus commanding him to proceed to assess the amount returned by said estimate.

IV. Respondent's counsel at one point in the proceeding made this statement: "We are not necessarily attacking your organization; we are saying you have not got this particular territory in it." But no such point is made in the brief, where respondent insists that the relator was never regularly incorporated, that it cannot tax the land in New Madrid County because no plat of the lands in the district were ever properly signed by the Superintendent of Schools for New Madrid County, nor filed in the office of the County Clerk of that county. Plainly, if such are the facts, and if, under the pleadings, they could be established as such, on respondent's theory, the district was never incorporated. Section 11259 requires that in a consolidated school district comprising territory in two or more counties, all plats and notices required by the section for organizing such a district shall not be filed or posted, "unless approved and signed by a county superintendent of all counties in which any part of such proposed district shall lie."

No notice or plat posted or filed would be of any force or effect unless signed by the county superintendent of each county in which territory was included in the consolidated school district. Thus the claim that the district, for the reason mentioned, did not include the land in New Madrid County is a collateral attack upon the organization of the corporation, and such a collateral attack in a proceeding

of this kind will not be entertained. [State ex rel. School District v. Hunt, 199 S. W. 944.] Respondent points out that the petition in that case, besides a general allegation of the corporate character of the relator, sets out the specific facts showing the organization. The language of the opinion, however, clearly shows that all such allegations are superfluous. It was only necessary for the petition to allege in general terms that the relator was incorporated.

Respondent cites State ex rel. Consolidated School District v. Curtwright, 205 S. W. 248, where the St. Louis Court of Appeals held that the school district bringing the suit was not properly organized. In that case the petition and the alternative writ did not state in general terms that the relator was incorporated, but set out the specific facts and all the steps leading up to the organization, thus tendering the issue on those very facts. And the trial court found against the relator on those facts. The Court of Appeals thus stated the issue, l. c. 251: "In the case at bar both parties proceeded to trial on the issues tendered by the petition and answer; relator undertaking to sustain the regularity of the proceedings, the respondent denying them." Nothing in that case supports respondent's position.

Relator produced a plat of the district, showing the inclusion of the land described in the petition in New Madrid County, with proper signatures, and evidence that a copy of such plat was filed in the office of the County Clerk of New Madrid County, and that the signature of the Superintendent of Schools for New Madrid County was authorized by him.

Respondent attacks the *plat* by offering evidence that such a plat, so signed, was not on file in said office after respondent took charge as county clerk in 1919, two years after the organization of relator district. This was a collateral attack upon the corporate character of relator, and for reasons mentioned respondent was not in position to make such attack collaterally or directly. In taking such evidence before the commissioner relator preserved its objections to the relevancy of the evidence.

V. The respondent claims that the relator was guilty of laches because it is alleged in the return that after the organization of the district in 1917 all the children in that part of the district included in New Madrid County have for the past ten years continually attended the school in two common school districts, 20 and 21, in New Madrid County, the voters have voted at elections held in New Madrid County, and the taxing authority of said property of inhabitants of New Madrid County knew that said property was being assessed by said common school districts in New Madrid County. It is further alleged that school districts numbers

20 and 21 in New Madrid County, from which the territory in that county was taken for Consolidated School District Number One, voted bonds for the purposes of those districts.

The evidence, however, shows that nearly all the children in the disputed territory had attended the school in the Consolidated School District No. 1, that the voters there had voted in that district; some of them had served as clerk and as judge of election in that district.

The evidence is scarcely disputed and is conclusive that the proper notice and plats were posted up with the names of Mrs. Graham, Superintendent of Schools of Mississippi County, and Mr. Swan, Superintendent of Schools of New Madrid County, attached, and that the plat and certificate of election were transmitted to Ransburg, then Clerk of the County Court of New Madrid County.

After the certificate of election was sent to Mr. Ransburg he issued a certificate of the authorized valuation of the land under consideration here, and certified it to the officials of Consolidated School District Number 1. No doubt he did that because of the certificate of consolidation presented to him and the filing of the plat. These facts show the general recognition of the consolidation, with the exception of the collection of taxes on this particular land.

It must be borne in mind at this point that school districts 20 and 21 in New Madrid County are not parties to the proceeding nor complaining here. This court held in State ex rel. School District No. 1 v. Hackmann, 277 Mo. 56, a proceeding by mandamus to compel the State Auditor to register bonds voted and issued by relator, that the respondent State Auditor did not represent and had no right to represent or litigate the rights of those school districts. The same is true of the county clerk here. He does not represent school districts numbers 20 and 21. It may be said further that he does not represent individuals whose land is sought to be taxed. Those very persons, at least a majority of them, whose lands the relator seeks to have extended for taxation in the district, have recognized the district, sent their children to school there, voted there and served as officials there. They are not complaining and the respondent has no right to complain for them under that ruling. In the Hackmann case some of the very facts alleged here to show laches or to show want of organization were determined against respondent by this court. The persons whose land is sought to be taxed are not complaining; the respondent has only a ministerial duty to perform; he is in no position under his return to question either the incorporation of relator nor the inclusion of the land in New Madrid County within the district.

The peremptory writ is awarded. All concur.