STATE OF MISSOURI at the relation of W. W. DILLINER, Relator, v. THOMAS A. CUMMINS, Judge of the Fourth Judicial Circuit and *Ex-Officio* Judge of the Circuit Court of Atchison County. —92 S. W. (2d) 605.

Court en Banc, March 18, 1936.

610

*Clayton W. Allen, W. R. Littell, DuBois, Miller & Beavers* and *Livengood & Weightman* for relator.

*A. F. Harvey, Wright & Ford* and *Virgil Rathbun* for respondent.

FRANK, J.—Original proceeding in mandamus to compel respondent, judge of the Circuit Court of Atchison County, to proceed with an election contest pending in said court, in accordance with the statutes in such cases made and provided.

Upon the filing of relator's petition for the writ, our alternative writ was issued, to which respondent made return, and the cause was submitted on briefs filed by both parties.

The facts are, in substance, as follows:

Relator and one John J. Wright were opposing candidates for the office of clerk of the county court of Atchison County, at the election held on November 6, 1934. John J. Wright was declared duly elected. Relator instituted a proceeding in the Circuit Court of Atchison County to contest said election. Contestee filed answer in

said cause. Thereafter on February 28, 1935, relator filed application for change of venue (so called) from the court. Said application was sustained and the venue of said cause was awarded to the Circuit Court of Andrew County. After said cause reached the Circuit Court of Andrew County, contestee appeared in said court and moved that the cause be remanded back to the Circuit Court of Atchison County, on the ground that the statute does not authorize or provide for a change of venue in an election contest. This motion was sustained and the cause was remanded back to the Circuit Court of Atchison County, and the same was there received, filed and entered upon the docket of said court. Thereafter, relator appeared in the Circuit Court of Atchison County and verbally stated in open court that he waived all objections theretofore made to respondent, judge, and withdrew the charges of bias and prejudice against said judge and requested him to try said cause. Respondent, judge, refused to make any order in the case. Thereupon relator verbally requested the clerk of said cause to hold an election for the purpose of electing a special judge to try said cause, and requested respondent, judge, to direct the clerk to hold such election. All of the requests and statements so made by relator were taken down by the court reporter on his record. Respondent, judge, stated that having granted a change of venue in said cause, and having awarded the venue to the Circuit Court of Andrew County, he was without jurisdiction to proceed further in said cause or make any orders whatever therein.

■ Respondent, judge, has filed a motion to dismiss this proceeding on the ground that relator did not abstract the alternative writ. In mandamus proceedings the alternative writ is the first or basic pleading, and the return to the writ takes the place of an answer. [State ex rel. Consolidated School District v. Jones, 320 Mo. 353, 8 S. W. (2d) 66, 67.] Our rules requiring abstracts of record apply to original proceedings in this court, as well as to cases coming to this court by appeal. It is settled law that an abstract of record should contain the pleadings in the cause. Werminghaus v. Eberle (Mo.), 81 S. W. (2d) 607, and since the alternative writ in this case is the first pleading it should have been abstracted. The purpose of our rule requiring the abstract of record to contain the pleadings is for the convenience of the court in determining what the issues are. But where, as in this case, the respondent's pleading which is properly abstracted, furnishes us all the facts which an abstract of the alternative writ would have given us, it would be sacrificing substance for form and would defeat rather than promote justice, to dismiss the cause for failure to abstract the alternative writ. Respondent's return to the alternative writ begins by alleging the institution of the election contest in the Circuit Court of Atchison

County of which respondent is the regular judge, then continues by alleging every step that was taken in the case from its institution to the time mandamus was applied for in this court. The facts heretofore stated were all taken from respondent's return. For the reasons stated respondent's motion to dismiss the proceedings is overruled. In so holding, we are neither waiving nor disregarding the rule requiring pleadings to be abstracted. What we do hold is that where, as in this case, the abstract of respondent's pleading serves the same purpose that an abstract of relator's pleading would have served, the proceeding should not be dismissed.

Relator first contends that the statutory scheme providing for contest of elections is a code unto itself, and since such code does not provide for a change of venue, the court has no jurisdiction to grant a change of venue in such cases. Respondent contends otherwise.

In the view we take of this case, it is not necessary to determine this contention. The right to a change of venue is not a constitutional right, but is a mere statutory privilege which the parties may waive either before or after the change has been granted. Courts and text writers have so held. In the case of State v. Taylor, 132 Mo. 282, 33 S. W. 1145, the defendant was indicted in the Circuit Court of Dallas County for stealing nine hogs of the value of $36. On defendant's application the venue of said cause was changed to the Circuit Court of Hickory County because of the alleged prejudice of the inhabitants of Dallas County against him, and the cause was duly certified to Hickory County. Apparently changing his mind as to the prejudice of the inhabitants of Dallas County, defendant appeared in the Circuit Court of Hickory County, and agreeed with the prosecuting attorney that the cause be transferred back to Dallas County, and it was so ordered. He was tried and convicted in Dallas County. On appeal he contended the Circuit Court of Dallas County acquired no jurisdiction to try the case. In affirming the judgment, this court, among other things, said:

"The right to a change of venue being a privilege accorded to the defendant alone, and not to the state, no valid reason appears to us why he may not stipulate for such a change or waive it if he sees fit. It involves in no sense a waiver of any constitutional right. But in this case the defendant was not waiving any right. He was simply obtaining a privilege by a more speedy route than that accorded him by the statute. The waiver was by the prosecuting attorney of the petition and supporting affidavits. A defendant in a criminal case in a matter in which his constitutional rights are not invaded, can no more be allowed to deal unfairly with the court and the State than a party in a civil case. Having made his election and the court having awarded him a change of venue at

his own request, he cannot now complain of the privilege granted him. [People ex rel. v. Scates, 3 Scam. (Ill.) 351; State v. Potter, 16 Kan. 80; Paris v. State, 36 Ala. 232.] By the action of the Hickory County Circuit Court the venue was retransferred to the county in which the offense was committed and the indictment was found and the trial was had there without any objection by defendant. . . ." [See, also, State v. Jennings, 134 Mo. 277, 35 S. W. 614.]

In the case of Paris v. State, the defendant was charged in the Circuit Court of Marshall County with the crime of murder. On his application the venue of said cause was changed to the Circuit Court of Jackson County. Later, on application of defendant and with the consent of the State, the cause was removed back to Marshall County where defendant was tried and convicted. On appeal the conviction was affirmed. In affirming the judgment the court, among other things, said:

". . . We feel no hesitation in asserting that the right to have his trial adjourned to a county free from prejudice against the accused, is a privilege secured to the prisoner, which he may waive, either before or after the order changing the venue had been entered. [Hughes v. The State, 35 Ala. 551; Rosenbaum v. The State, supra; 1 Bish. Cr. Law, secs. 657, 672; Gager v. Gordon, 29 Ala. 344.]"

In 67 Corpus Juris, page 224, the law is thus stated:

"Where the cause is remanded, the party obtaining the original change may waive objection to the remand by appearance."

The same authority, 67 Corpus Juris, at page 216, says:

"The court to which a case is remanded regains jurisdiction. A formal order reversing the first order is unnecessary."

The facts in the case under review in this mandamus proceeding, in our judgment, clearly show that the right to a change of venue, was waived by both parties. At the request and upon motion of the contestee, the Circuit Court of Andrew County made an order remanding the case back to the Circuit Court of Atchison County. The transcript and records were received by the clerk of the latter court, marked filed and by him entered upon the docket of that court. While the contestant did not consent to the making of the order remanding the cause back to the Circuit Court of Atchison County, at the time such order was made, after the cause was returned to that court, he there appeared in open court and waived all objections to respondent, judge of that court, withdrew the charges of bias and prejudice theretofore made against such judge and requested him to try the case. Upon the refusal of the judge to assume jurisdiction of the cause or make any order therein, he requested the clerk to hold an election for the purpose of electing a special judge to try the cause, and re-

quested the judge to order the clerk to hold such election, neither of which was done.

On the authorities heretofore cited, we hold that both parties waived any right to the change of venue, the contestant by requesting that the cause be remanded back to the Atchison County Circuit Court, the contestee by withdrawing all objections theretofore made against the judge of that court and requesting him to try the cause. This situation left the case standing in the Circuit Court of Atchison County as though no application for change of venue (so called) had been filed, with jurisdiction in respondent, judge of that court, to proceed in said cause in accordance with the statutes.

While the return denies that relator withdrew his so-called application for change of venue, or requested the election of a special judge, such denials did not raise an issue of fact because of other allegations in the return. The return further alleges that the attorney for contestant did state in open court that contestant waived all objections to the trial judge, and consented that he might try said cause, and stated that he withdrew and waived all objections theretofore made because of the bias and prejudice of said judge. The return then alleges that while such statements were made in open court and taken down by the court reporter, they were not in any manner made a part of the record of said court.

The return alleges exactly what happened and there is no dispute about it. Whether or not these happenings amounted to a withdrawal of the application for change of venue and consent that respondent might try the cause, is a question of law for the court to determine. Relator's statements made in open court amounted to a request for leave to withdraw his so-called application for change of venue. If relator had a lawful right to withdraw such application, which we hold he did have, it was the duty of the judge to make an order permitting him to do so. Since the judge refused to make any order in the case, he should not now be heard to say that relator did not withdraw his application for change of venue because the record which he declined to make does not so show.

The alternative writ commands respondent, judge, to order the Clerk of the Circuit Court of Atchison County to hold an election for the selection of a special judge to hear said cause or show cause why he should not do so.

Our holding is that when the cause was remanded from the Andrew County Circuit Court back to the Circuit Court of Atchison County at the request of contestee, and contestant thereafter appeared in the latter court and withdrew his application for change of venue, the case then stood in the Circuit Court of Atchison County, as though no application for change of venue had ever been filed, with authority in the judge of that court to proceed with the cause as the law

directs. It was then his duty to proceed with the hearing of said cause unless he was thereafter disqualified in some lawful manner. In this situation, relator is not entitled to the election of a special judge, and for that reason the alternative writ which directs respondent, judge, to order the clerk to hold an election for the selection of a special judge cannot be made peremptory. However, the petition for the writ, in addition to asking that respondent be commanded to direct the clerk to hold an election for the selection of a special judge, also prayed for an order directing and commanding him "to further proceed with said cause in accordance with the laws of the State of Missouri."

While relator is not entitled to a writ commanding respondent to order the clerk to hold an election for the selection of a special judge, under the admitted facts he is entitled to have the respondent proceed with the cause in accordance with the statutes. He asked for such relief in his petition for the writ. Our alternative writ should have commanded respondent to proceed with the cause in accordance with the statutes as prayed for in the petition, but since it did not do so we cannot make the alternative writ permanent in its present form, because the peremptory writ must follow the alternative writ. But since the alternative writ is our writ, it remains under our control and we are authorized to amend it to conform to the prayer of the petition to which relator is entitled. In the case of State ex rel. Mt. Hope Coal Co. v. White Oak Railroad Co., 28 L. R. A. (N. S.) 1013, 1021, that court said:

"The mandate of the writ is peculiarly within the control of the court. It need not in the first instance conform to the prayer of the petition. The court may fashion it to suit the case made by the petition. [Fisher v. Charleston, supra, 630.] If the court may thus control the writ at the time of directing it, there is no good reason why it may not control it afterwards by amendment, so as to make it conform to the mandate of the peremptory writ. This practice is fully justified by modern decisions and text writers, and we are of opinion it is the proper practice, and should be followed in this State, although resulting in a modification to some extent of the rule heretofore recognized and followed."

This question was before the Supreme Court of Wisconsin in the case of The State ex rel. The Wisconsin & Minnesota Railroad Company v. Clough, Circuit Judge, 69 Wis. 369, 371. It is there said:

"It was questioned by the learned counsel of the relator whether this court had the power to correct any mistake, oversight, error, or improvidence, in the allowance of the writ, without motion of one or other of the parties, or on its own motion. We do not doubt the power of this court to do so, in a proper case, and we think it proper to exercise that power in this case. . . ."

Our own court in The State ex rel. Waters-Pierce Oil Co. v. Baggott, 96 Mo. 63, 71, 8 S. W. 737, had the following to say on the subject of amendment:

"It has been several times held that the peremptory writ of *mandamus* must, in all substantial respects, follow the alternative writ; so that if the alternative writ commands the doing of several things, the relator, to be entitled to the peremptory writ, must show that he is entitled to the performance of all of them. [State ex rel. v. Railroad, 77 Mo. 144; School District v. Lauderbaugh, 80 Mo. 190.] But the article of the practice act, concerning amending pleadings and proceedings, applies to writs of *mandamus*. [R. S., sec. 3585.] It is proper practice to amend the alternative writ so that it and the peremptory writ will correspond. [High on Ex. Legal Rem. (2 Ed.), sec. 519; State ex rel. v. Francis, 95 Mo. 44.]"

In the recent case of State ex rel. Highway Commission v. Trimble, 329 Mo. 987, 42 S. W. (2d) 779, we amended an alternative writ of mandamus without any request so to do from either party. We there said:

"We amend the alternative writ to conform to the amended prayer of the petition, and our peremptory writ should be awarded to conform with the amended alternative writ."

In the instant case the alternative writ is amended so as to direct respondent, judge, to further proceed with said cause in accordance with statutes in such cases made and provided, and the alternative writ as amended is hereby made peremptory.

All concur.