246 S.W.2d 396 (1952)
STATE ex rel. FOSTER et al.
v.
GRIFFIN
No. 21640.
Kansas City Court of Appeals. Missouri.
February 4, 1952.
Harry J. Fair, Trenton, for appellant.
Chas. A. Miller, Trenton, for respondents.
CAVE, Judge.
Mandamus by relators to compel respondent, President of the Board of Directors of a public school district, to sign certain warrants in payment of the teacher's salary. Upon the filing of the petition, an alternative writ was issued and served on respondent who filed a motion to quash the writ; pending that motion the alternative writ was amended, and respondent refiled his motion to quash the amended writ, which motion was overruled. Answer and reply were filed and the cause proceeded to trial. Judgment was entered ordering *397 respondent to sign the school warrants. From this judgment, the respondent (appellant here) appealed.
Relators Foster, Hamby, Wynne and Bulyar are four of the five directors of the school district, and relator, Rosalie Hamilton, is the school teacher.
It is stipulated by the parties that no questions will be presented on this appeal, except the questions of law raised in paragraphs 1 and 3 of appellant's motion for new trial. These questions are: that the court erred in overruling the motion to quash the writ because (a) the petition and the first amended writ wholly fail to state a claim against the respondent upon which relief by mandamus can be granted; and (b) that the amended writ does not contain a copy of the petition, and that said writ is broader than the allegations contained in the petition. All evidence is omitted from the transcript.
Appellant's brief abandons proposition (b), and we will confine our discussion to questions raised under proposition (a).
It is conceded that in mandamus proceedings the alternative writ is the first or basic pleading, and that a motion to quash admits all facts well pleaded. State ex rel. Sharp v. Knight, 224 Mo.App. 761, 26 S.W.2d 1011, 1016; State ex rel. Dilliner v. Cummins, 338 Mo. 609, 92 S.W.2d 605, 607; State ex rel. v. Darby, 33 Mo. 1145, 64 S.W.2d 911.
The writ alleges that respondent, Loren Griffin, is President of the Board of Directors of Brimson School District No. 33 of Grundy County, Missouri; that relator, Rosalie Hamilton, a qualified school teacher, made application on April 25, 1950, to the Board of Directors of said School District to teach said school for the ensuing term; that said application is as follows: "If my work has been satisfactory the past year, I would like to apply for a position in your classroom for the coming year. I will have fifty hours College credit at Colorado State College of Education at the close of summer quarter."; that on said date the Board took the following action, as shown by the minutes: "The Board met with all members present for the purpose of hiring teacher for coming year. The motion was made by Virgil we hire Rosalie Hamilton to teach next school term. Seconded by Ralph. Motion carried."; that pursuant to said application and minute record of said Board, the teacher was employed; that subsequent to said employment the Board caused to be prepared a written contract on a regular form provided by school authorities. The contract is set out in full in the writ. It is dated August 30, 1950, and, among other things, recites that the school term is for eight months and fixes the salary at $200 per month, to be paid monthly, and that the Board agrees to issue warrants upon the school treasurer for the salary of said teacher. This contract was signed by the respondent (appellant) as President of the School Board, but there is no allegation that it was signed by the teacher. The writ alleges "that subsequent to the signing of the above instrument by the respondent the said Board caused to be prepared another written contract for signature in words and figures as follows: * * *." This second contract bore the same date as the first contract and is identical in all respects except that it was not signed by respondent, but was signed by relator, Hamilton, and by the Clerk of the School Board. There is this further difference in the two contracts: on the first, below the place for the signature of the President and teacher, appear these words: "50 hours of college credit at Colorado State College"; while on the second contract appears this notation: "Rosalie will have 50 hours of college credit at Colorado State College of Education." The writ alleges that relator, Hamilton, has fully performed her services to the District from the date of employment to the filing of the petition for mandamus; that warrants for the payment of each month's salary had been duly issued and presented to respondent for his signature as President of the Board, but that he failed and refused to sign said warrants, as required by law; that she has not been paid for her services, and that she has no adequate remedy at law; "that said teacher has been legally employed to teach said school by written instruments, application and board orders and contracts all in *398 writing and duly signed, as above pleaded * * *."
There are other formal allegations which need not be detailed because their sufficiency is not called in question.
Appellant's first contention is that the court should have sustained his motion because "the minute entry of the Board of Directors purporting to employ said Hamilton does not contain any statement as to the amount of her salary or that she is to be paid any salary; there is no * * * resolution or minute entry of said Board of Directors fixing the salary to be paid Respondent, * * *" and, for that reason, there was no contract of employment, as required by V.A.M.S. § 163.080. This section reads: "The board shall have power, * * to contract with and employ legally qualified teachers for and in the name of the district; * * *. The contract shall be made by order of the board; shall specify the number of months the school is to be taught and the wages per month to be paid; shall be signed by the teacher and the president of the board, and attested by the clerk of the district * * *." (Italics ours.) Thus it will be seen that the statute does not require the order of the Board authorizing the employment of a teacher to specify the length of the term or the salary; that may be done in a separate written instrument, which was done in this case.
It has been held that where a written application is made to teach and the Board of Directors authorizes the employment of the application, followed by a written contract signed by the teacher and the Clerk of the Board, sufficiently complies with the provisions of Sec. 163.080. Baxter v. School District, 217 Mo.App. 389, 266 S. W. 760; Edwards v. School District, 221 Mo.App. 47, 297 S.W. 1001.
V.A.M.S. § 163.100 provides that a teacher's contract shall be construed under the general law of contracts. It is a well recognized rule of law that a contract need not be in a single document but may be made up of several separate instruments or documents. Massie v. Cottonwood School District, Mo.App., 70 S.W.2d 1108; Bailey v. Jamestown School District, Mo.App., 77 S.W.2d 1017.
We think the teacher's written application, the order of the Board and the written contract signed by the teacher and the Clerk of the Board, sufficiently complied with the provisions of Sec. 163.080. See Baxter and Edwards cases, supra. There is no merit in appellant's first assignment.
Appellant's last contention is that the alternative writ fails to state a cause of action because it does not, with sufficient clarity, allege that the services of the teacher were to be wholly performed subsequent to the making of the contract, as required by V.A.M.S. § 432.070. This section provides: "No * * * school district * * * shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; * * *." Appellant argues that there is no allegation when the second contract was signed by the teacher and the Clerk of the Board and, therefore, the court is left to guess or surmise whether the consideration was to be wholly performed subsequent to the making of the contract. The contract recites: "This agreement made this 30th day of August, 1950, between Rosalie Hamilton, * * * and the School Board of District Number Thirty Three, County of Grundy, of the second part, witnesseth: * * *"; and concludes with this sentence: "Done by order of the Board this 30th day of August, 1950." The writ alleges that the relator has been legally employed to teach said school by the written instruments, application and board orders and contracts, as set out in said writ, "and has taught said school from the time of employment to date * * *." The allegation that relator, Hamilton, had taught the school from the time of employment to the date of the filing of the petition, could only mean that the consideration for the contract was performed subsequent to the making thereof.
We think that, when the allegations of the writ are considered as a whole, it cannot *399 be held insufficient because it does not more specifically plead that the consideration is to be wholly performed subsequent to the contract.
Appellant cites many cases announcing certain well recognized principles of law to the effect that an alternative writ must show on its face a clear right to the extraordinary relief demanded; State ex rel. Markwell v. Colt, Mo.App., 199 S.W.2d 412; that a court will not compel by mandamus the performance of an unlawful act; State ex rel. Kent v. Olenhouse, 324 Mo. 49, 23 S.W.2d 83; and that no recovery can be had against a school district upon quantum meruit in the absence of a legally enforceable contract; Miller v. Alsbaugh, Mo. App., 2 S.W.2d 208, 209. These and similar cases are not controlling in the instant proceeding because we hold that the alternative writ alleges all essential facts necessary to plead a valid contract and to entitle relators to the relief prayed.
It follows that the court did not err in overruling the motion to quash. The judgment is affirmed.
All concur.