**STATE ex rel. BROOKS et al.  v.  CRAIN.**

No. 43901.

Supreme Court of Missouri.
En Banc.

Dec. 19, 1953.

Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Springfield, for relators.

James E. Curry, Ava, for respondent.

HOLLINGSWORTH, Judge.

Prohibition. Relators were judges of the annual school election held in Mountain Grove Reorganized School District, Wright County, Missouri, on April 7, 1953. Respondent, Honorable Joe C. Crain, is and on that date was judge of the Circuit Court of Wright County. By their petition filed in this court, relators seek to prohibit respondent from further proceeding with the hearing of a citation for contempt issued against them at the direction of respondent, wherein relators are ordered to show cause why they should not be adjudged guilty of contempt "for disregarding and disobeying the orders, judgments and decrees" of respondent made in a certain mandamus action brought against relators as judges of said school election. Respondent's return to the preliminary rule issued by this court denies none of the allegations of fact alleged in relators' petition, and relators have moved for judgment on the pleadings.

At 6:00 a. m., on the day of the election, one Jack Barton, having been appointed by the Democratic Committeeman and the Democratic Committeewoman of Mountain Grove Township as a "witness to the counting of the ballots" at said school election, purportedly in accordance with Section 111.610, RSMo 1949, V.A.M.S., demanded admittance to the polling place to witness the canvass and counting of the ballots. Relators, as judges of the election, refused the demand on the ground that § 111.610 did not apply to school elections. At 9:00 a. m., said committeeman and committeewoman, in open court before respondent, filed their petition for mandamus. Following an *ex parte* hearing, respondent caused to be issued an alternative writ of mandamus ordering relators to admit Jack Barton as a witness to the canvass and counting of the ballots and "otherwise to appear *instanter*" before respondent to show cause why the order had not been obeyed. Both the petition in mandamus and the alternative writ, on their face, purport to be predicated upon § 111.610. The alternative writ was served upon relators at 11:00 a. m. At 1:00 p. m., Jack

Barton again demanded admittance as "a witness" and his demand was denied by relators. At 2:45 p. m., respondent noted on his docket the failure of relators to appear or to obey or to show cause for not obeying the alternative writ and thereupon heard testimony. He, however, did not issue or order issued any peremptory writ of mandamus. The only order made was: "Hon. James E. Currey appointed by the court to prosecute the respondents Albert Brooks, Lee Amos and Leslie Melton for contempt."

Thereafter, on May 9, 1953, respondent herein signed and caused to be served upon relators the aforesaid citation for contempt, directing them to personally appear before respondent on June 8, 1953, to show cause why they should not be adjudged guilty of contempt. Relators thereupon filed petition for prohibition in the Springfield Court of Appeals, which was denied. This proceeding ensued.

Relators assert that respondent exceeded his jurisdiction in directing prosecution of relators for contempt and that this court should prohibit any further prosecution thereof, because: (1) The alternative writ of mandamus issued by respondent was merely a pleading in that action, as distinguished from a peremptory writ issuable upon final hearing, and that their failure to respond to its commands does not constitute a violation of any enforceable order of the court; (2) the order made upon relators to appear *instanter* to show cause for not obeying the alternative writ denied them due process of law; and (3) the provisions of § 111.610 under which Jack Barton was purportedly appointed a witness are not applicable to school elections.

Respondent contends he is vested with full jurisdiction to determine mandamus actions, to enforce the election laws and to punish relators for contempt, subject only to relators' right of review under writ of habeas corpus, and that prohibition is not the proper remedy.

■■ Both under our statutes, Sections 529.010–529.100, RSMo 1949, V.A.M.S.,

and at common law, the alternative writ in a mandamus action is merely the first pleading. State ex rel. Hambleton v. Town of Dexter, 89 Mo. 188, 1 S.W. 234; State ex rel. Consolidated School District v. Jones, 320 Mo. 353, 8 S.W.2d 66, 67; State ex rel. Dilliner v. Cummins, 338 Mo. 609, 92 S.W.2d 605, 607; State ex rel. Foster v. Griffin, Mo.App., 246 S.W.2d 396, 397. On the other hand, the peremptory writ is the writ of enforcement and constitutes both a judgment and an execution. 55 C. J.S., Mandamus, § 343. The alternative writ determines nothing and furnishes no means to measure damages for disobedience. People ex rel. Fletcher v. Kalamazoo Circuit Judge, 39 Mich. 301, 302. See also High on Extraordinary Remedies, 3rd Ed., Chaps. IX and X.

In the case of Robinson v. People, 129 Ill.App. 527, Robinson had failed to respond to an order to show cause why he should not assign to a receiver certain letters patent, whereupon the trial court issued an attachment against him to be and appear before the court on a certain date to show cause why he should not be attached for contempt, to which he also failed to respond. The trial court ordered him committed to jail for a period of six months or until he executed the assignment. The appellate court, in ordering the judgment for contempt reversed, said, 129 Ill.App. loc. cit: 530–531:

"It clearly appears from this record that to the time of entering the order of commitment appellant was derelict only in not complying with the order of June 27, 1905, which was to show cause, if any he had or could show, why he should not be ordered to make an assignment of the letters patent to the receiver. Assuming that no just reason or lawful excuse existed why he should not make the assignment, he naturally failed to respond to the rule. The next orderly step in such cases, on failure to answer or show cause against the entry of the order contemplated by the rule, is to order the assignment to be made. This was not done. The only order to make the assignment of the letters patent appears in

the commitment order. This was neither in accord with the practice, nor was it fair to appellant to attach him for contempt in not answering the rule to show cause and then in the order of commitment adjudge him guilty of contempt for not making an assignment which he had not been previously ordered to make. * * *

"An order to do the thing, the subject of coercive process, must first be made and precede the initiatory step in proceedings for contempt. This is of the essence of the power to commit. A party may waive a rule to show cause by voluntary appearance and submission to the jurisdiction of the court, but not so as to the order to do the thing required."

■ Such is the situation in the instant case. Relators had failed to respond to an order to show cause, but no peremptory writ was issued against them. They have violated no unconditional, enforceable order of the court and are not subject to citation for contempt. Pogue v. Smallen, Mo.App., 238 S.W.2d 20, 22, and cases therein cited.

The election is history. No enforceable peremptory writ in mandamus can now issue. Hence, no action can be taken by respondent which will invest him with jurisdiction to proceed further with any contempt proceeding arising out of the action in mandamus. Moreover, § 111.610 upon which the petition for mandamus, the alternative writ and the citation for contempt are predicated, is by the express provisions of § 111.010 made not applicable to school elections. Respondent's action in entertaining the petition and in issuing the alternative writ and the citation for contempt for failure to respond thereto was in excess of his jurisdiction. In such a situation, prohibition lies. State ex rel. Hyde v. Westhues, 316 Mo. 457, 290 S.W. 443, 446; State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S.W.2d 677, 680, 681; State ex rel. Schoenfelder v. Owen, 347 Mo. 1131, 152 S.W.2d 60, 64; State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W.2d 418, 425; State ex rel.

Kansas City Public Service Co. v. Cowan, 356 Mo. 674, 203 S.W.2d 407, 410.

The conclusion above reached renders it unnecessary to consider whether the order made upon relators to appear before respondent *instanter* deprived them of due process of law.

The preliminary rule in prohibition is made absolute.