The State ex rel. S. B. Kent v. Leonard T. Olenhouse and T. J. Anderson, Members of Township Board of Chillicothe Township, Livingston County.—23 S. W. (2d) 83.

Court en Banc, December 6, 1929.

*Davis & Ashby* for plaintiff.

*Jos. J. Shy, Kitt & Marshall* and *Chapman & Chapman* for defendant, Leonard T. Olenhouse.

FRANK, J.—This is an original proceeding in mandamus in this court. The petition alleges in substance that relator is a taxpaying citizen of Chillicothe Township, Livingston County, Missouri; that on March 26, 1907, said county adopted the provisions of the township organization law and ever since said date has been under township organization; that on March 26, 1929, one M. E. Conway was elected to the office of trustee of said township, and

defendants, Leonard Olenhouse and T. J. Anderson, were elected members of the board; that they each qualified and entered upon the discharge of the duties of their respective offices; that on May 3, 1929, said M. E. Conway died, thereby causing a vacancy in the office of trustee; that it was the statutory duty of defendants, Olenhouse and Anderson, as members of the township board, to fill the vacancy in the office of trustee by appointing a successor to said M. E. Conway, and to organize said board by the election of a president thereof, all of which, although often requested, they have failed and refused to do; that on account of their failure to fill said vacancy and organize said board, the funds of the district are not available to carry on the schools, repair the roads and defray other expenses of the district.

The prayer of the petition is that an alternative writ of mandamus be issued commanding said defendants to fill the vacancy in the office of trustee by appointing a successor to said M. E. Conway and to organize the township board by the election of a president thereof, and for such other relief as to the court might seem proper.

An alternative writ was issued in accordance with the prayer of the petition, to which each defendant made a separate return. The gist of defendant Anderson's return is that he has at all times been, and now is, ready and willing as a member of the township board to fill the vacancy in the office of trustee, to organize the township board by the election of a president thereof, and to proceed with the transaction of the business of the township, but that defendant Olenhouse has always refused and still refuses to join him in such action; that on the —— day of August, 1929, he and defendant Olenhouse held a meeting for the purpose of organizing said board; that at said meeting, in an honest attempt to comply with the alternative writ, he nominated defendant Olenhouse for president of the board, but said Olenhouse refused to accept the office, and nominated for said office one Joseph T. Winans, whom the County Court of Livingston County had theretofore attempted to appoint as trustee for said township; that said Winans had never attempted to discharge any of the duties of the office of trustee or of member of the township board of directors; that at said meeting this defendant moved to take up the appointment of a trustee, but defendant Olenhouse refused to do so. The prayer of the return is that a peremptory writ of mandamus issue and that the costs be taxed against defendant Olenhouse.

The return of defendant Olenhouse admits that relator is a taxpaying citizen of Chillicothe Township; that Livingston County is under township organization; that defendants are two of the members of the township board, and that the death of M. E. Conway caused a vacancy in the office of trustee of the township and

in the membership of the board of directors. After making these admissions, the return further alleges:

"That after the death of M. E. Conway, causing said vacancy in the offices aforesaid, the said Leonard T. Olenhouse consulted with attorneys and was advised that the power to appoint a trustee was with the County Court of Livingston County, Missouri; that thereafter on May 27, 1929, the County Court of Livingston County, Missouri, as provided by law, did appoint and issue a commission to Joseph F. Winans to fill the office of trustee and member of board of directors of Chillicothe Township aforesaid. That said appointment of said Joseph F. Winans was duly certified to and notice thereof given to the township clerk of Chillicothe Township. That the said Joseph F. Winans is and was at all times, herein mentioned a citizen taxpayer, and qualified voter of Chillicothe Township, Livingston County, Missouri, and possesed all the qualifications required by law to fill the office of township trustee and member of the board of directors of said Chillicothe Township aforesaid. That thereafter the said Joseph F. Winans, within the time required by law, took the oath of office and procured a bond in the penal sum of $50,000, signed by sureties owning sufficient real property to qualify them as such, and as provided by law said Joseph F. Winans presented said bond for approval to N. B. Gill, clerk of the board of directors of said township aforesaid, and said N. B. Gill refused to approve or file said bond, stating at the time that he did not refuse to approve and file said bond because it was not sufficient or not in proper form, but because said Joseph F. Winans was illegally appointed to said office by the County Court of Livingston County, Missouri. That thereafter on or about the 8th day of June, 1929, at a meeting of said township board, Joseph F. Winans tendered his bond to said board and asked that it be approved, but said T. J. Anderson refused to vote on the matter and the clerk of said board refused to make a minute of his tender. That on the 8th day of August, 1929, the board of directors of said township, Leonard T. Olenhouse and T. J. Anderson, met at the office of the clerk of the board of directors of said township, for the purpose of electing a president of said board. Leonard T. Olenhouse presented the name of Joseph F. Winans, township trustee named by the county court, and Anderson voted for Olenhouse. No election was made. Anderson then moved that they proceed to elect a township trustee, and Olenhouse refused to participate in the election, contending that Joseph F. Winans was legally appointed to said office and had qualified by taking the oath of office and executing a sufficient bond, and that the board of directors of the township had no power or authority to act in the matter.

''That defendant Leonard T. Olenhouse has refused to meet for the purpose of selecting a trustee for Chillicothe Township aforesaid, because he contends that Joseph F. Winans has been legally appointed by the County Court of Livingston County, Missouri, and has qualified and is entitled to said office. That T. J. Anderson has differed with him and has contended that Winans was illegally appointed by the county court and that the power to select a township trustee to fill said vacancy was in the township board or board of directors of said township.''

Relator moved for judgment on the pleadings, and by stipulation of the parties the cause was submitted on brief.

The first question presented by the record is whether the authority to fill a vacancy in the office of trustee of the township is by statute vested in the county court, or in the township board. This question must be determined by a construction of the statutes which govern counties under township organization. The officers to be chosen at the biennial election in each township are designated by Section 13181, Revised Statutes 1919, which reads as follows:

''There shall be chosen at the biennial election in each township one trustee, who shall be *ex officio* treasurer of the township, one township collector, and one township clerk, who shall be *ex officio* township assessor, one constable, two members of the board, and two justices of the peace; *Provided,* the same persons may be elected members of the board and justices of the peace, at the same election, and hold both offices; also the same person may be elected constable and collector at the same election and hold both offices at the same time, by taking the proper oath of each office and giving the bond required by law.''

Section 13198 of our statutes provides how vacancies in any township office shall be filled. This section reads:

''Whenever any township shall fail to elect the proper number of officers to which such township may be entitled, or when any person elected or appointed shall fail to qualify, or when any vacancy shall happen in any township office from any cause, it shall be lawful for the township board to fill such vacancy by appointment, and the person so appointed shall hold the office and discharge all the duties of the same during such unexpired term, and until his successor is elected or appointed and qualified, and shall be subject to the same penalties as if they had been duly elected: *Provided,* that any vacancy in the office of justice of the peace or in the township board shall be filled by appointment of the county court.''

By the express terms of this section, it is clear that authority to fill a vacancy in the township board and in the office of justice of the peace is vested in the county court, while authority to fill

vacancies in all other township offices is lodged with the township board. As authority to fill a vacancy in the township board is vested in the county court, it would logically follow that if the township trustee is a member of the township board, a vacancy in the office of trustee would also be a vacancy in the township board, which should be filled by the county.

Section 13212, Revised Statutes 1919, makes the trustee a *member of the board of directors.* This section reads:

"In each township in this State, organized under the provisions of this chapter, there shall be a board of directors, composed of the township trustee and members of the township board, whose duty it shall be: First, to audit all accounts of township officers for services rendered as such officers except the township assessor, for services as such assessor; second, to audit all other accounts or demands legally presented to them against the township; third, to levy all taxes for township, road and bridge purposes, and all other duties provided by this chapter for the township board of directors to perform."

By the terms of Section 13198 heretofore quoted, the *township board* is authorized to fill vacancies in any township office except a vacancy in the office of justice of the peace or in *the township board.* Relator argues that a vacancy in the office of trustee does not come within the exception and for that reason the township board is authorized to fill such vacancy. This is in effect an argument that the trustee is not a member of the *township board,* therefore a vacancy in the office of trustee does not create a vacancy in the *township board.* It is true that Section 13212, supra, makes the trustee a member of the board of directors. This section provides that in each township there shall be a *board of directors* composed of the township trustee and members of the township board. While the statute refers to the board both as "the township board" and as "the board of directors," a reading of all the statutes touching this question convinces us that only one board was created and that was the board of directors. The statute does not provide for the organization of a "township" board. No provision is made for a president or clerk or for meetings of a "township board." On the other hand, the statute makes specific provision for the organization of the "board of directors." Section 13218 provides that the "township board of directors" shall, at their first meeting in each year after they have been elected and qualified, appoint one of their number as president of said board, who shall sign all orders and official acts of said board. Section 13207 enacts that the township clerk shall be the clerk of the "township board of directors." Section 13213 provides for stated tri-annual meetings of the "township board of directors" for the transaction of the business of the township. Provision is also made

for such other meetings as the interests of the township may require. Section 13212 makes it the duty of the "board of directors" to audit all accounts of township officers for services rendered as well as all other accounts or demands legally presented to them against the township and to levy all taxes for township, road and bridge purposes and all other duties provided by this chapter for the township board of directors to perform. Section 13221 makes it the duty of the "township board of directors" to make out an account of the amount of money necessary to defray the township expenses during the ensuing year, which account shall be signed by the president of the board and attested by the clerk and filed with the clerk of the county court. Section 13219 provides that when any claim or account, or any part thereof, shall be allowed by the "township board of directors" they shall draw an order upon the township trustee in favor of the claimant for the amount so allowed—said order to be signed by the president of said board, and attested by the township clerk and delivered to said claimant.

The statutory provisions to which we have called attention make it clear that the statute created only one board to transact the business of the township, and that was the "board of directors." While it is true that the statutes refer to a "township board," a consideration of the entire act convinces us that the Legislature used the words "township board" and "board of directors" interchangeably, and there is in fact but one board to which both names apply. We are strengthened in this conclusion by other provisions of the statute to which we will call attention. For example, Section 13203 of the act under consideration requires the trustee and *ex officio* treasurer to file with the township clerk on or before the day of the regular meeting of the "township board" in April a detailed statement of all money by him received and paid out. We are persuaded that the words "township board" as used in this section refer to the "board of directors," because the statute does not provide for any meeting of a "township board," but does provide for regular meetings of the "board of directors" in April, July and November. Again, Section 13214 provides for filing claims against the township with the "township board" and authorizes such board to pass upon such claims. No provision is made in this section for an order or warrant to be drawn in favor of the claimant in case the claim is allowed. It clearly appears that the words "township board," as used in this section, mean the "board of directors," especially so, when read in connection with Section 13212 which makes it the duty of the "board of directors" to audit all claims against the township and Section 13219 which directs the "board of directors," when it allows a claim, to draw an order upon the trustee in favor of the claimant for the amount allowed—said order to be signed by the

president of the board and attested by the township clerk and delivered to the claimant. Our conclusion is that the Legislature used the words "township board" and "board of directors" interchangeably. The statute creates only one board and that is the board of directors. All reference in the statute to the township board was intended to and does refer to the board of directors.

By express terms of the statute, the township trustee is made a member of the board of directors, therefore, a vacancy in the office of township trustee creates a vacancy in the board of directors. Section 13198 of the statute heretofore quoted vests authority in the county court to fill vacancies in the township board. As the township board is, in fact, the board of directors, it logically follows that the county court and not the township board is authorized to fill the vacancy in the board of directors caused by the death of M. E. Conway.

The alternative writ commanded defendants Olenhouse and Anderson, members of the township board, to immediately proceed to the appointment of a successor to said M. E. Conway, and immediately proceed to the organization of the township board by the election of a president thereof, or appear before this court and show cause for refusing so to do.

Relator is not entitled to the relief granted by this writ. In the first place the county court and not the township board is authorized to fill vacancies in the township board, and we will not attempt by mandamus to compel the township board to do a thing it has no authority to do. In the next place we cannot, in this proceeding, compel the board to proceed to the election of a president, because the board is not in court. Only two members of the board are parties to this suit. In "High Extraordinary Remedies (3 Ed.)" page 430, Section 440, the author says: "When the duty whose performance is sought to be coerced is encumbent upon an official board or court composed of several persons, all of the persons charged with the performance of such duty should be joined as respondents." The same author at page 432, section 442, says: "So, too, the writ should be directed against the entire board of municipal officers, and a failure in this respect is sufficient ground for dismissal."

In 38 Corpus Juris, page 850, section 554, it is said: "And although there is some authority to the contrary, it is generally held that, even where some of those on whom a common duty rests are willing to act in conjunction with the others, yet all must be made respondents."

For the reasons stated relator is not entitled to any of the relief prayed for in his petition or granted by the alternative writ.

We will suggest in passing that it appears from the pleadings that the county court appointed and commissioned one Joseph F.

58

Winans to fill the vacancy in the office of trustee and member of the board of directors, and that he duly qualified as such by taking the oath of office and tendering a sufficient bond as required by statute. If these facts are true, Winans's bond should be approved, he should be recognized and accepted as trustee and a member of the board of directors and the board should elect a president and proceed to transact the business of the township, but we are powerless to compel such action in this proceeding, for reasons already stated, and for the further reason that the pleadings do not ask for such relief. While a peremptory writ need not in all things follow the alternative writ, it cannot go beyond it.

The alternative writ heretofore issued should be quashed. It is so ordered. All concur, except *Walker, J.,* absent.